198   313
106a  ²642

</div>

### The Willis Coal and Mining Company

*v.*

### Benton Grizzell et al.

*Opinion filed October 25, 1902.*

1. Actions and defenses—*section 33 of Mines act of 1899 construed.* Section 33 of the act of 1899, relating to mines, (Laws of 1899, p. 325,) providing that in case of loss of life by reason of a willful violation of the act, a right of action shall accrue to the widow, his lineal heirs or adopted children, "or to any other person or persons who were, before such loss of life, dependent for support" upon the person killed, does not give a right of recovery to a married sister of the deceased living with her husband in another county, and not shown to have been dependent for support, to any degree, upon the deceased.

2. Same—*section 33 of Mines act gives but one right of action.* Section 33 of the Mines act of 1899 gives but one right of action for the entire loss resulting from death occasioned by a willful violation of the act, which rests primarily in the widow, or if there is no widow, in the lineal heirs or adopted children, or, lastly, in any person dependent upon the deceased for support.

3. Same—*when the father is the only one entitled to sue.* If a miner killed by an alleged willful violation of the act of 1899 leaves no widow, children or descendants of children, nor any adopted children, but leaves a father, brother and sisters, the father, being a "lineal heir," is the only one entitled to sue for such death.

*Willis Coal and Mining Co.* v. *Grizzell*, 100 Ill. App. 480, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. SILAS COOK, Judge, presiding.

WISE & McNULTY, for appellant.

WILLIAM A. SCHWARTZ, and CICERO R. HAWKINS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment entered in the Appellate Court for the Fourth District affirming a judgment in the sum of $1000, awarded the appellees in an action on the case against the appellant company in the circuit court of Perry county.

The appellee Benton Grizzell was the father, the appellees Kate Thompson, Ethel and Minnie Grizzell were the sisters and the appellee Walter Grizzell was the brother of one Thomas Lee Grizzell, who, while at or near the opening or top of the shaft of appellant's mine, was struck and killed by the top or "bonnet" of the cage which servants of the appellant were lowering into the shaft. The appellees instituted the action on the theory the death of the decedent resulted from the willful failure of the appellant company to cause the top or opening of the shaft of its mine to be securely fenced with gates, as is required to be done by subdivision *c* of section 3 of the act entitled "An act to revise the laws in relation to coal mines and subjects relating thereto, and providing for the health and safety of persons employed therein," (Hurd's Stat. 1899, p. 1157,) and that they were entitled to institute and maintain a joint action to recover damages because of the death of their kinsman. The declaration truly set forth the consanguinity of the deceased and the plaintiffs. It was not demurred to, but the plea of the general issue was filed and the cause submitted to a jury.

It appeared in the proofs, without contradiction, that Kate Thompson, one of the plaintiffs, was a married sister of the deceased; that she lived with her husband in his home in a different county from that in which the deceased resided. There was no proof having any tendency to show that she was in any sense or in any degree dependent upon the deceased brother for support or that he had ever assisted her in any manner.

The right of the plaintiffs to recover depends upon the true construction and meaning of the following clause of section 33 of the said act of April 18, 1899, (Hurd's Stat. 1899, p. 1175,) as follows: "For any injury to person or property, occasioned by any willful violations of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; and in case of loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow of the person so killed, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support on the person or persons so killed, for a like recovery of damages for the injuries sustained by reason of such loss of life or lives not to exceed the sum of $5000." This enactment does not give a right of action to recover damages to a brother or sister of the person whose life has been lost, as such brother or sister or because of such relationship, but only when they are of the class of persons who "were, before such loss of life, dependent for support on the person or persons so killed." It is therefore manifest that in the absence of proof having a tendency to show said appellee Kate Thompson was in some degree, at least, dependent upon her deceased brother for support, no right of recovery legally existed in her behalf. In 8 Am. & Eng. Ency. of Law, (2d ed.) p. 903, it is said: "When the statute provides that the next of kin of the deceased who were dependent on him for sup-

port may maintain the action, only such of the next of kin as were actually dependent on the deceased for support should or can properly be joined as parties plaintiff." We may remark, however, the dependency need not have been a legal dependency, nor need such brother or sister have been wholly dependent upon the deceased person. *Alexander* v. *Parker*, 144 Ill. 355; 8 Am. & Eng. Ency. of Law, (2d ed.) 904.

The appellant company, by the motion, entered at the close of all the evidence, for a peremptory verdict in its favor, by its motion for a new trial and by the motion entered in arrest of the judgment, raised the question of law, among other questions, whether, in this state of the proof, judgment could be lawfully awarded the plaintiffs, jointly. The circuit court by its rulings on these motions held the plaintiffs, including the said Kate Thompson, might lawfully have verdict and judgment against the appellant company, and the judgment appealed from was accordingly rendered by the court. For this error the judgment must be reversed and the cause remanded.

In view of the fact the cause must be again heard, and that opportunity will be given for the amendment of the declaration to the end that the cause may be prosecuted by the party who, under the statute, has the legal right to appear as plaintiff, it is deemed important we should call attention to the true meaning of the enactment by virtue whereof the right of action in such cases is given.

The portion of said section 33 of the Miners act hereinbefore set out is but the re-enactment of section 14 of the act in force July 1, 1879, entitled "An act to provide for the health and safety of persons employed in coal mines." (2 Starr & Cur. Stat. 1896, p. 2728.) In *Beard* v. *Skeldon*, 113 Ill. 584, we had occasion to construe said section 14 of the then existing Miners act for the purpose of determining in whom lay the right of action, under the statute, to recover in case of death occasioned by the willful violation of the provisions of the act. We there

said (p. 586): "The statute, in our opinion, authorizes but one action,—but one recovery for the entire loss. If the deceased leaves a widow surviving, she, under the statute, is entitled to sue and recover for the loss, whatever it may be; but in case there should be no widow, but lineal heirs or adopted children, then the right of action is conferred upon them. But if the deceased should leave no lineal heirs or adopted children, then any person might maintain an action who, before the death occurred, was dependent for support upon the person killed." The statutory enactment now in force, and by virtue of which the right of action to recover damages because of the death of said Thomas Lee Grizzell accrued, if any such right exists, is in nowise different in its provisions, as to the persons to whom a right of action is given, from said section 14, and it must be given the same construction as we heretofore gave said section 14. The deceased left no widow. As we held in *Beard* v. *Skeldon, supra,* the statute, in such state of case, conferred the right of action upon his "lineal heirs." Lineal consanguinity is that relation which exists among persons where one is descended from the other, as between the son and a father or the grandfather, and so upward in the ascending line, and between the father and the son or the grandson, and so downward in a direct descending line. (Bouvier's Law Dic. title "Consanguinity.") The deceased left no child, children, descendants of children or adopted child or children, and no mother. Benton Grizzell, the father, was the only "lineal heir" of said Thomas Lee Grizzell, the deceased, hence the right of action rested in the appellee Benton Grizzell, alone.

The judgment of the Appellate Court and that of the circuit court are each reversed, and the cause is remanded to the circuit court for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*