# MISSOURI, K. & T. RY. CO. v. HORTON.

### No. 794.    Opinion Filed May 9, 1911.

1.  **CONTINUANCE—Surprise—Diligence.** Surprise at the trial is not sufficient ground for a continuance unless the surprise is such as cannot be obviated by the exercise of ordinary care and due diligence on the part of the party asking for the continuance.

2.  **APPEAL AND ERROR—Instructions—Sufficiency.** If an instruction complained of, when considered in connection with the other instructions given, fairly covers the legal phases necessary to present to the jury, the cause will not be reversed although, standing alone, it may not be technically accurate.

3.  **DAMAGES—Action by Parent for Injuries to Child—Measure of Damages.** In an action by a parent for the loss of the services of his minor child, the damage to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child; and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling.

4.  **RAILROADS—Public Crossings—Care Required of Railroad and Traveler.** The obligations, rights, and duties of the railroads and travelers at public crossings are mutual and reciprocal, and no greater degree of care is required of one than of the other. Both parties are charged with a mutual degree of care in keeping a lookout on their part, and the degree of diligence to be exercised on both sides is such as a prudent man would exercise under the circumstances of the case.

5.  **TRIAL—Instructions—Burden of Proof.** An instruction to the effect that the burden of proof is upon the plaintiff to establish each and every particular fact necessary to make out his cause of action by a preponderance of the evidence and the burden is upon the defendant to establish the affirmative allegations or defense set up in its answer by a preponderance of the evidence, was a correct general statement of the law governing the burden of proof and therefore unobjectionable.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole,*
*Judge.*

Action by R. L. Horton against the Missouri, Kansas and Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson* and *W. R. Allen,* for plaintiff in error.

*J. E. Whitehead* and *Wallace Wilkinson,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, to recover damages from the plaintiff in error, defendant below, for loss of services of his minor son by reason of injuries alleged to have been inflicted upon him by the defendant on the second day of March, 1908, under the following circumstances: On said date said minor son was walking upon Krebs avenue in the city of McAlester and crossing the tracks of the defendant company upon said street; the defendant, through its agents and employees, negligently and carelessly pushed a box car against plaintiff's said minor son, thereby knocking him down and severely injuring him. The answer was a general denial, except as to the incorporation of the defendant, and a further allegation to the effect that, even if the injuries complained of were sustained, said injuries were not due to the negligence of the defendant, but were due solely to negligence on the part of said minor son. The reply was a general denial. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The assignments of error presented by counsel for plaintiff in error in their brief are: (1) That, the plaintiff in error having announced ready for trial and the jury having been empaneled, it was prejudicial error to permit the defendant in error to amend his complaint without granting the plaintiff in error a continuance; (2) it was error to instruct the jury that the injured boy and the trains of the railway company had an equal right to use the street at the point the defendant in error claimed the accident happened; (3) the court in his instructions to the jury incorrectly stated the rule as to the measure of damages; (4) it was im-

proper under the circumstances of this case to instruct the jury that the burden of proving affirmative defenses rested upon the plaintiff in error.

It seems that originally the petition did not contain an allegation to the effect that said minor son was exercising ordinary care in crossing said crossing and that said injury was received without fault or negligence on the part of said minor son or of said plaintiff. When the case was called for trial counsel for defendant objected to the introduction of any evidence, upon the ground that the petition did not state facts sufficient to constitute a cause of action, because the same did not allege that the boy was exercising ordinary care. The court took that view of the law and permitted the plaintiff to amend his petition by interlineation in the respect complained of, whereupon counsel for defendant moved for a continuance upon the ground that "since this petition has been amended we are not prepared to meet this evidence at this time." We do not believe it was error to overrule this motion. The rule seems to be well settled that:

"Surprise at the trial may, and frequently does, operate as a ground for continuance unless the surprise is such as might have been obviated by the exercise of ordinary care and due diligence on the part of the party asking the continuance." (9 Cyc. 129, and cases cited.)

Granting that the court below was justified in requiring the plaintiff to amend his petition, we do not see how the amendment made could surprise the defendant. The pleadings had never been attacked by demurrer before the case was called for trial and the answer sets up contributory negligence upon the part of the minor as a defense. Most ordinary prudence would require counsel for defendant to be ready to meet an issue joined by the pleadings before he announced ready for trial. Section 4346, Wilson's Oklahoma Statutes, 1903, which provides for continuances upon the amendment of pleadings, reads as follows:

"When either party shall amend any pleading or proceeding, and the court shall be satisfied, by affidavit or otherwise, that the adverse party could not be ready for trial, in consequence thereof,

a continuance may be granted to some day in term, or to another term of the court."

There was nothing in the nature of amendments made that in any way changed the issues as they were joined by the pleadings, and it cannot be said that the defendant was surprised by the added allegation when he had already set up contributory negligence as an affirmative defense.

On the second proposition, the rule seems to be settled that the obligations, rights, and duties of the railroads and travelers at public crossings are mutual and reciprocal, and no greater degree of care is required of one than of the other. Both parties are charged with a mutual degree of care in keeping a lookout on their part, and the degree of diligence to be exercised on both sides is such as a prudent man would exercise under the circumstances of the case. *Continental Improvement Company v. Stead*, 5 Otto, 161; *T. & P. R. Co. v. Cody*, 166 U. S. 606. When the instruction complained of is considered in connection with other instructions given, we do not believe it would be misleading. It is true that, standing alone, it is not technically accurate; but, in view of the other instructions, we do not believe that it could give the jury the impression, as counsel for plaintiff in error seem to think, that plaintiff might heedlessly go upon the tracks expecting the train to await his passage. From the character and momentum of the railroad train and the requirements of public travel by means thereof, it cannot be expected that it would stop and give precedence to an approaching pedestrian to make the crossing first; it is the duty of the traveler to wait for the trains. The train has the preference and right of way. *Continental Improvement Company v. Stead, supra.* On that point the court instructed the jury that:

"It is the duty of every person, when going upon or across a railroad track at a public crossing, to look in each direction to see if cars are approaching, and a failure to do so is want of ordinary care. As a matter of law, both the minor son, Horton, and the defendant, the railway company, had an equal right to cross the street at the point where plaintiff claims the accident happened, and the law imposes on both parties the duty of using reasonable and prudent precaution to avoid accident and danger."

Another instruction covering the same proposition is as follows:

"You are further instructed that the plaintiff in this case is charged with all the acts of the son, T. B. Horton, and all omissions of him at the time of the injury, and before he can recover he must establish by a preponderance of the evidence that his son was attempting to cross the tracks of the defendant at Krebs avenue and that before attempting to cross he looked and listened so as to ascertain whether or not any cars were approaching said crossing from either direction, and that duty was continuous until he had crossed all the tracks, and if the boy was injured by a failure on his part to exercise that degree of care, the plaintiff cannot recover."

We think these instructions sufficiently explained to the jury the mutual rights and duties existing between the parties under the circumstances of this case.

On the question of the measure of damages, the court instructed the jury as follows:

"The court further instructs the jury that if you should find for the plaintiff, that in arriving at the amount he would be entitled to recover, you should take into consideration all the circumstances of the case, as shown by the evidence, tending to show the earning capacity of the boy, both before and after the injury, and the possible amount the father would likely have received therefrom, over and above what the son is capable of earning in his present condition, but in arriving at this amount, you cannot consider or take into consideration the pain or suffering of the son, nor any loss or disability he may have suffered or sustained because of the injury, as these things, if recovered at all, can only be recovered in a suit by the son."

The record shows that this instruction was requested by the plaintiff in error, but counsel complains that the instruction given should have been supplemented by the following instruction which was requested and refused:

"The court instructs the jury, that if you find for the plaintiff, the amount plaintiff is entitled to recover is such a sum of money as you may find from the evidence, would represent the difference between the earnings of the son in his present condition, and what his earnings would have been had he not been crippled, from the time of his injury till he arrived at the age of 21 years,

and in arriving at the amount you should consider the cost of maintaining, clothing and schooling this boy, and deduct such amount from the amount representing the difference before mentioned."

Instead of giving the requested instruction, the court instructed the jury as follows:

"The value of the boy's services, without having been injured, are deemed to be such as are ordinary with children in the same condition and station in life, considering his health, intelligence and his probable loss of time for attendance at school and such other like matters, and without regard to any peculiar value the plaintiff might attach to his boy's services."

There is no particular difference in the meaning of the instruction given and the one requested, except that the court omitted from the instruction given any reference to the cost of maintaining, clothing, and schooling the boy. There are many cases that hold that the cost of maintaining, clothing, and schooling the child should be deducted, but in these cases the minor is killed outright and the father is no longer charged with that burden. In *Birmingham R. R., L. & P. Co. v. Chastain,* 158 Ala. 421, where the child survived, the rule as to the measure of damages was stated as follows:

"In an action by a parent for the loss of the services of his minor child, the damages to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child; and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling."

The above rule is applicable to the part of the instruction relative to the compensation for loss of services in the case at bar, and, as that was the only item of damage claimed by the plaintiff, we think the instruction on that point was sufficient.

On the last proposition, counsel contend that this was not a case where the issue of contributory negligence was to be proved by the plaintiff in error, but one where the jury should have been left to determine whether or not the defendant in error made out his

case by a preponderance of evidence. We find no instruction upon which counsel could base an objection along this line. On the question of the burden of proof, the court instructed the jury as follows:

"The burden of proof is upon the plaintiff to establish each and every particular fact necessary to make out his cause of action by a preponderance of the evidence * * * and the burden is upon the defendant to establish the affirmative allegations or defenses set up in its answer by a preponderance of the evidence."

This is a correct general statement of the law, and therefore unobjectionable.

Finding no reversible error in the record, the judgment of the court below must be affirmed. It is so ordered.

All the Justices concur.