## SHAWNEE GAS & ELECTRIC CO. *et al.* v. MOTESEN-BOCKER.

No. 1538.    Opinion Filed July 22, 1913.

On Rehearing, February 28, 1914.

(138 Pac. 790.)

1.    DEATH—Action for Wrongful Death—Persons Entitled to Sue. The action for wrongful death can only be brought by the parties designated in section 4611 and 4612, Wilson's Rev. & Ann. St. 1903 (sections 5281, 5282, Rev. Laws 1910; sections 5945, 5946, Comp. Laws 1909).

2.    SAME—Joinder of Parties. Where no personal representative is appointed, and the deceased left no widow, all the next of kin must join in the action.

3.    SAME—"Next of Kin." By the term "next of kin" is meant all who would have been entitled to share in the distribution of the personal property of the deceased.

4.    SAME. Where the person for whose death suit is brought left neither widow nor children nor father surviving him, but left a mother and brothers and sisters, the brothers and sisters were next of kin within the meaning of the statute, and must be joined in the action.

5.    EVIDENCE—Declarations of Third Person—Hearsay. In a joint action against an electric light company and a city for the wrongful death of a person caused by coming in contact with a charged guy wire, it was error to admit in evidence as against the light company a resolution of the city council reciting that the company was negligently permitting its wires to be in a dangerous condition, and instructing the city attorney to begin whatever proceedings against it he deemed necessary if it failed to place them in good condition after notice.

6.    NEGLIGENCE—Subsequent Repairs—Admission of Evidence. Evidence of alterations or repairs subsequent to an accident or injury is not admissible for the purpose of showing negligence in the original construction, or to show a confession of negligence.

7.    PARENT AND CHILD—Loss of Services of Child—Damages. In an action by a parent for the loss of the services of a minor child, the damage to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child; and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling.

Opinion of the Court.

8.   **DEATH—Right of Action for Wrongful Death—Statutes Confer-ring—"Detriment."**   Comp. Laws 1909, secs. 2881, 2882, pro-viding that every person who suffers detriment from the unlaw-ful act or omission of another may recover damages therefor, and that "detriment" is a loss or harm suffered in person or property, does not confer a right of action for wrongful death; that right depending alone on Wilson's Rev. & Ann. St. 1903, secs. 4611, 4612.

9.   **SAME—Persons Entitled to Sue—Separate Action.**   Wilson's Rev. & Ann. St. 1903, sec. 4611 (Comp. Laws 1909, sec. 5945; Rev. Laws 1910, sec. 5281), contemplates but one action, and the same death cannot be sued for in separate actions by the various individuals sustaining damage thereby.

10.   **SAME—Constitutional Provision.**   Const. art 23, sec. 7, providing that the right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, does not change the method of procedure in such cases.

(Syllabus by Rosser, C.)

*Error from District Court, Pottawatomic County;*
*J. B. A. Robertson, Judge.*

Action by Sarah E. Motesenbocker against the Shawnee Gas & Electric Company and another.  Judgment for plaintiff, and defendants bring error.  Reversed and remanded.

*Shartel, Keaton & Wells* and *Edward Howell*, for plaintiff in error Shawnee Gas & Electric Co.

*W. T. Williams* and *H. H. Smith*, for defendant in error.

Opinion by ROSSER, C.  This was an action by Sarah E. Motesenbocker, hereinafter referred to as plaintiff, against the Shawnee Gas & Electric Company and the city of Shawnee, here-inafter referred to as defendants, to recover for the death of her son, Willie Motesenbocker, caused by coming in contact with a guy wire charged with electricity.

An opinion was written in this case several months ago; but rehearing was granted, and this opinion is written to take the place of the former opinion.

The deceased left several brothers and sisters surviving him, who were not joined as plaintiffs in the action, and the first ground urged for reversal is that they should have been joined

as plaintiffs, and that the mother could not maintain the action in her own name. Defendants contend that the right of action was created by sections 4611 and 4612, Wilson's Rev. & Ann. St. (sections 5281, 5282, Rev. Laws 1910; sections 5945, 5946, Comp. Laws 1909), and that the procedure prescribed by those sections must be followed.

Section 4611 is as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 4612 is as follows:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section four hundred and thirteen of this chapter, is or has been at the time of his death in any other state or territory, or when, being a resident of this territory, no personal representative is or has been appointed, the action provided in said section four hundred and thirteen may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

It is elementary learning that at common law no recovery could be had for wrongful death. *Bartlett v. C., R. I. & P. Ry. Co.,* 21 Okla. 415, 96 Pac. 468; *A., T. & S. F. Ry. Co. v. Brown,* 26 Kan. 443; *City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113; *Insurance Co. v. Brame,* 95 U. S. 754, 24 L. Ed. 580; *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. ——, decided January 20, 1913. The right was first given in England by Lord Campbell's act, passed in 1846. In so enlightened a state as Virginia the right of recovery for wrongful death did not exist until 1871, when a statute was enacted creating the right. 2 Min. Inst. 406.

As the right to sue for wrongful death is the creature of the statute, it can only be exercised by those persons whom the statute authorizes. *City of Eureka v. Merrifield,* 53 Kan. 794,

37 Pac. 113; *Barker v. Hannibal & St. J. R. Co.,* 91 Mo. 86, 14 S. W. 280; *Coover v. Moore,* 31 Mo. 574; *Clark v. K. C., St. L. & C. R. Co.,* 219 Mo. 524, 118 S. W. 40; *Harshman v. N. P. R. Co.,* 14 N. D. 69, 103 N. W. 412; *Salmon v. Rathjens,* 152 Cal. 290, 92 Pac. 733.

It will be observed that either the personal representative or the widow can bring the action in a representative capacity. When the action is brought by them, it inures to the benefit of all entitled to share. When brought by the personal representative, if deceased left a widow and children, they receive the entire recovery; if deceased left a widow, she receives the entire recovery; if there is neither widow nor children, the next of kin receive the amount recovered, and it is distributed among them in the same manner as personal property of the deceased. If the suit is brought by the widow, she and the children of the deceased take the entire recovery, and if no children she gets it all. No part of the recovery in a suit by a widow goes to the next of kin, unless they happen to come within the more specific designation of children. But if no personal representative is appointed, and there is no widow, then the statute does not give any other person the right to sue in a representative capacity. Where there is neither personal representative nor widow, the suit must be brought by the next of kin. The question, then, is whether the brothers and sisters of the deceased are his next of kin. As stated before, the statute provides that where there is no widow and no children the recovery inures to the next of kin, to be distributed in the same manner as personal property of the deceased. There is a clear implication that by the term "next of kin" is meant those entitled to share in the personal property of the deceased. The term has been so construed by the Supreme Court of Kansas. *A., T. & S. F. Ry. Co. v. Ryan,* 62 Kan. 682, 64 Pac. 603; *A., T. & S. F. Ry. Co. v. Townsend,* 71 Kan. 524, 81 Pac. 205, 6 Ann. Cas. 191. See, also, *Pinkham v. Blair,* 57 N. H. 226; *Insurance Co. v. Hinman,* 34 Barb. (N. Y.) 410.

If the deceased had left personal property, the plaintiff would have inherited half of it, and his brothers and sisters the other half, under the law in force at the time of his death, and at the

time the action was brought.   Wilson's Rev. & Ann. St. sec. 6895, subds. 2, 3; *Holmes v. Holmes*, 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920.   Therefore they are next of kin, and should have been joined as parties to the action.

It is contended by the plaintiff 'that she is the only person who has sustained any loss by the death of her son, and should therefore take all the recovery, and for that reason no one should be joined with her as plaintiffs in the action.   But the statute has declared otherwise, and, however illogical it may seem, the brothers and sisters get a portion of the recovery, if any, and must be parties to the suit.   See *Harshman v. N. P. R. Co.*, 14 N. D. 69, 103 N. W. 412.

It has been contended that plaintiff may base her right of action on sections 2881, 2882, Comp. Laws 1909 (Rev. Laws 1910, secs. 2845, 2846), which are as follows:

"Sec. 2881.   Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages.

"Sec. 2882.   Detriment is a loss or harm suffered in person or property."

This theory cannot be maintained.   These sections are merely declaratory of the common law, and were not intended to confer a right of action for death independent of sections 4611 and 4612, Wilson's Rev. & Ann. St., above quoted.   *Muskogee Electric Traction Co. v. Reed*, 40 Okla. —, 130 Pac. 157.   The case of *Partee v. St. L. & S. F. R. Co.* (C. C. A.) 204 Fed. 970, arose in Oklahoma, and was appealed from the federal District Court for the Eastern district of that state.   On appeal it was held by the Circuit Court of Appeals, in an opinion by Judge Sanborn, that the right of action for wrongful death is created by section 4611, Wilson's Rev. & Ann. St. (section 5945, Comp. Laws 1909; section 5281, Rev. Laws 1910), and that such actions are governed in all respects by that statute.

The statute contemplated only one action.   No case has been cited or found in which it was held that the cause of action for wrongful death could be divided or damages for the same death could be sued for in separate actions by the various in-

dividuals who had sustained damages thereby. The rule is the other way. *McBride v. Berman,* 79 Ark. 62, 94 S. W. 913; *St. L., Iron M. & S. R. Co. v. Needham,* 52 Fed. 371, 3 C. C. A. 129; *Clark v. Kansas City, St. L. & C. R. Co.,* 219 Mo. 524, 118 S. W. 40; *M., K. & T. R. Co. v. Foreman,* 174 Fed. 377, 98 C. C. A. 281; *San Antonio & A. P. R. Co. v. Mertink,* 101 Tex. 165, 105 S. W. 485; *East Line & Red River R. Co. v. Culberson,* 68 Tex. 664, 5 S. W. 820; *H. & T. C. R. Co. v. Moore,* 49 Tex. 31, 30 Am. Rep. 98. The rule that only one action can be brought was applied to the statute of Illinois allowing recovery for death in mines. *Beard v. Skeldon,* 113 Ill. 584; *Willis Coal & Mining Co. v. Grizzell,* 198 Ill. 313, 65 N. E. 74.

The question as to whether, if part of the next of kin refuse to join as plaintiff, they can be joined as defendants is not decided. There are authorities holding that to be the proper procedure.

The effect of section 7 of article 23 of the Constitution upon the right of action in such cases is not presented or discussed in the briefs of parties in this case. It is not believed, however, that that section changes the method of procedure in such cases, and it is not necessary to discuss to what extent, if at all, it enlarges the rights of the plaintiff in this action.

The plaintiff, over the objection of the defendants, introduced in evidence a resolution of the city council of the defendant city of Shawnee, passed May 11, 1908, which is as follows:

"Whereas, the franchise granting to the Shawnee Gas & Electric Company provides that said company shall keep its electric wires in a safe condition so as to protect life and property of the citizens of Shawnee, and whereas, the said company is continuously violating the provisions of the said franchise in this, that it negligently and carelessly maintains said electric wires running over the streets, alleys, and other public places of said city, said wires are suspended in such a careless and negligent manner that they are continually breaking when charged with a large voltage of electric current, thereby endangering the lives and property of the citizens of the city of Shawnee to such an extent that said wires have become dangerous and a nuisance, and several persons have already been injured or killed by said wires becoming broken or detached, and coming in contact with

such persons while traveling along the streets of the city: Therefore, be it resolved, that said Gas & Electric Company is hereby notified to immediately place all electric wires in a good and safe condition so as to protect life and property, and that, in case it fails to do so within a reasonable time, the city attorney is hereby instructed to commence such proceedings as he may deem legal and necessary to annul the franchise of said Gas & Electric Company, and that a committee of three councilmen be appointed by the mayor to appear before the officers of said Gas & Electric Company, present this resolution, and demand that the said wires be placed in a safe condition."

The admission of this resolution is assigned as error. It was not admissible against the defendant the Shawnee Gas & Electric Company for any purpose, and if admissible as against the city (a question which is not decided) the jury should have been carefully and fully instructed that it was not to be considered by them as against the Gas & Electric Company. It amounted to a statement that the defendant Gas & Electric Company was guilty of negligence. It was hearsay purely; but coming in the form it did, it must have been prejudicial. *Selleck v. Janesville,* 104 Wis. 570, 80 N. W. 944, 47 L. R. A. 691, 76 Am. St. Rep. 892. The recitation in the resolution that the Gas & Electric Company was guilty of negligence undoubtedly influenced the jury. A statement made out of court is never admissible, except as an admission or confession, or for the purposes of contradiction, or in some cases to show motive or state of mind, and except dying declarations. This resolution was neither. It was error to admit it as against the Gas & Electric Company. See *Metropolitan Life Ins. Co. v. Anderson,* 79 Md. 375, 29 Atl. 606; *Brady v. North Jersey St. Ry. Co.,* 76 N. J. Law, 744, 71 Atl. 238; *Poling v. San Antonio & A. P. R. Co.,* 32 Tex. Civ. App. 487, 75 S. W. 69; *I. & G. N. R. Co. v. Diamond Roller Mills,* 36 Tex. Civ. App. 590, 82 S. W. 660; *Richardson v. Evans,* 5 Okla. 803, 50 Pac. 85.

The statement of the law by Commissioner Harrison, in his former opinion, as to the other questions presented, is adopted, and is as follows:

"Plaintiff was permitted to show during the trial that subsequent to the accident which caused her son's death the defend-

ant Shawnee Gas & Electric Company proceeded to improve the safety of its system by changing the wires and putting in different insulators in the guy wires. The effect of this testimony was to show a confession of negligence on the part of the Electric Company. Under the doctrine announced in *M., K. & T. Ry. Co. v. Johnson,* 34 Okla. 582, 126 Pac. 567, this was error. In that case this court said: 'The rule is well established that evidence of repairs or alterations subsequent to an accident or injury is not admissible to show faulty or negligent original construction of the instrumentalities in use at the time of the injury'—further quoting with approval from Cyc., and numerous other authorities sustaining the doctrine.

"Also, under the rule announced as to the measure of damages in cases of this character, in *M., K. & T. Ry. Co. v. Horton,* 28 Okla. 815 [119 Pac. 233], the instructions of the court below were erroneous as to the elements of damage which might be included in the estimate. In the case *supra* the damages recoverable by a parent for the loss of a minor child are limited to the following elements: 'In the action by a parent for the loss of the services of his minor child, the damage to the parent is limited to such as will compensate him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child, and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling.' In paragraph 18, the court below instructed the jury as follows: 'And you are further instructed that, in your consideration of the detriment or loss suffered by the plaintiff because of the death of her son Willie Motesenbocker, you may take into such consideration the loss of the comfort, society, and protection which you may find from the evidence the said Willie Motesenbocker would have been to his mother, had he lived, during the remainder of his life, taking into consideration the age, health, and strength, and financial condition of his mother, the plaintiff, and his character, disposition, and affection, and degree of interest in his mother, in determining the compensation you will allow the plaintiff for all the detriment or losses suffered by her because of the death of her son Willie Motesenbocker. But in no case shall your verdict be more than $15,000.' Obviously this instruction goes beyond the limitations fixed by *M., K. & T. Ry. Co. v. Horton, supra.*"

The judgment should, therefore, be reversed, and the cause remanded.

By the Court: It is so ordered.

---

### ON REHEARING.

PER CURIAM. Upon consideration of the second petition for rehearing, we are constrained to adhere to the opinion of Commissioner Rosser filed herein, except as to the rule therein announced for the measure of damages for wrongful death of a child, as set out in paragraph 7 of the syllabus. The rule there announced is possibly correct as applied to the record in the instant case, but is too restricted for general application. In a case where the evidence shows the dependent condition of the surviving parent, and the disposition of the child, and its relation to the parent to be such that there is a reasonable expectation that the child would continue, after its majority, to contribute to the support of the parent, these facts should not be excluded from the jury in determining the damages sustained by the wrongful death.

With the modification, the former opinion is adhered to, and a rehearing denied.

By the Court: It is so ordered.