MILES McFADDEN, Admr., Appellant, vs. THE ST. PAUL
COAL' COMPANY et al. Appellees.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. ACTIONS AND DEFENSES—*general act concerning recovery of
damages for death by wrongful act applies to a coal miner.* The
general Injuries act of 1853, authorizing a recovery of damages
for the benefit of the widow and next of kin in case of death by
wrongful act, applies to employer and employee in the business of
mining coal, notwithstanding a right of action may also exist, un-
der the Mines and Miners act of 1899, for the willful violation of
such act.

2. SAME—*right conferred is to recover the whole damage oc-
casioned by wrongful death.* The legislature, in providing a statu-
tory remedy for the damages occasioned by death by wrongful act,
had power to decide who should bring the action and how the dam-
ages should be distributed,—whether in accordance with the rules
for the distribution of personal property of persons dying intestate
or by some other method; but the right conferred is to recover
the whole damage.

3. SAME—*fact that actions may be brought under two statutes
does not affect the question of recovering damages twice.* The
fact that the circumstances attending the death of a coal miner in
the mine may be such as to authorize a suit under the general In-
juries act as well as one under the Mines and Miners act of 1899
does not affect the question whether the same damages may be re-
covered twice.

4. SAME—*but one recovery may be had for the same injury
and damage.* Where the father and mother of a deceased coal
miner (there being no widow or children) bring an action under
the Mines and Miners act of 1899 and thereafter compromise and
release said cause of action for a sum of money, such compromise
and release may be pleaded in bar of an action begun under the
general Injuries act by the father, as administrator, to recover
damages for the same injury, in favor of the father, mother,
brothers and sisters of the deceased, as persons dependent upon
him for support.

APPEAL from the Appellate Court for the Second Dis-
trict;—heard in that court on appeal from the Circuit Court
of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

J. L. Murphy, for appellant.

Duncan, Doyle & O'Conor, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

On November 13, 1909, Andrew McFadden was imprisoned in a mine of the appellees at Cherry, Illinois, by a great fire which rendered the places of exit impassable, so that he and many others were confined below in the mine until they died. He left no widow, child or descendant, but left a father, mother, four brothers and five sisters surviving him. His father, Miles McFadden, the appellant, was appointed administrator and brought this suit in the circuit court of Bureau county, and on April 1, 1910, filed his declaration, alleging the employment of the deceased by the appellees as a driver in the mine and due care on his part, and charging that his death was caused by various acts of negligence of the appellees. The declaration averred that the father, mother, brothers and sisters were all dependent upon the deceased for support. The appellees filed a plea of the general issue. Afterward the father, Miles McFadden, and mother, Ann Jane McFadden, lineal heirs of the deceased, brought another suit in the same court against appellees to recover damages on account of the death of the deceased, omitting any averment of due care on his part and charging the appellees with willful violations of provisions of the act providing for the health and safety of persons employed in coal mines. Appellees filed a plea of the general issue to the declaration in that case and issue was joined on the plea. On November 20, 1912, the St. Paul Coal Company, one of the appellees, paid to Miles McFadden and Ann Jane McFadden, the plaintiffs in the second suit, $2500 in settlement and compromise of their cause of action against the appellees and all other persons growing out of the death and circumstances contributory to the

death of Andrew McFadden. Thereupon the suit so settled
was dismissed, and the order of dismissal showed that the
subject matter of the controversy had been settled and the
cause of action released. The appellees then, by leave of
court, filed in this suit a plea *puis darrein continuance,* set-
ting up the second suit, and the settlement and compromise
thereof, in bar of this action. The court overruled a de-
murrer to the plea, and appellant standing by the demurrer,
judgment was rendered against him for costs. From that
judgment an appeal was prosecuted to the Appellate Court
for the Second District, and that court affirmed the judg-
ment and granted a certificate of importance and an appeal.

This suit was brought under an act entitled "An act re-
quiring compensation for causing death by wrongful act,
neglect or default," in force February 12, 1853. (Laws of
1853, p. 97.) The second suit was brought under an act
entitled "An act to revise the laws in relation to coal mines
and subjects relating thereto, and providing for the health
and safety of persons employed therein," in force July 1,
1899. (Laws of 1899, p. 300.) The question submitted
for decision is whether, in case of the death of an employee
in a mine, caused by wrongful act, neglect or default of an
employer, so that an administrator can maintain an action
for the consequent damages under the general act, and the
facts will also sustain an action for the same damages un-
der the act relating to mines, both actions can be brought
and a recovery had in each, or whether the two statutes
provide separate remedies for the same injury and damage
and but one recovery can be allowed.

At common law no action would lie for damages result-
ing from the death of a person by wrongful act, neglect or
default, but the General Assembly provided a remedy, ap-
plicable generally, for the recovery of such damages. That
act applies to employer and employee in mining coal with
the same force and effect as in any other situation where
duties and obligations arise out of the relations of the par-

ties to each other. The General Assembly also provided another remedy for such damages applicable only to persons engaged in mining coal, in which the liability of the employer rests upon somewhat different grounds. If the death is occasioned by any willful violation of the requirements of the act the employee is exempted from the obligation to exercise care for his own safety, and the action may be maintained although there was a want of such care. In providing a statutory remedy for the damages occasioned by death, the General Assembly, in the exercise of legislative discretion, might vest the right of action and the legal title to the damages recovered in an administrator, widow, lineal heirs or any person dependent on the deceased for support. In the general act the right of action is in the personal representative of the deceased, and the amount recovered is for the exclusive benefit of the widow and next of kin, to be distributed to such widow and next of kin in the proportion provided by law for the distribution of personal property left by persons dying intestate. In the case of a death coming within the provisions of the act in relation to mines, the right of action for the damages was vested in the widow, if there was one, and if there was no widow, then in the lineal heirs or adopted children, and in default of lineal heirs or adopted children, then in any other person or persons dependent for support on the deceased. The right of action for the damages in either case being purely statutory, it was within the power of the General Assembly, in conferring the right, to decide who should bring the action and how the damages should be distributed,—whether in accordance with the rules for the distribution of the personal property of persons dying intestate or by some other method,—and in either case the right conferred is to recover the whole damage. Under the act in relation to mines in force when suit was brought, as well as in the general act, the statute authorized but one action and one recovery for the entire loss and damage occasioned

by the death.   (*Beard* v. *Skeldon,* 113 Ill. 584; *Consoli-dated Coal Co.* v. *Maehl,* 130 id. 551; *Cook* v. *Big Muddy Mining Co.* 249 id. 41; *Claffy* v. *Chicago Dock Co.* id. 210.)   In this case there was no widow, and the father and mother, as lineal heirs, were the only persons authorized to bring suit under the act. (*Willis Coal and Mining Co.* v. *Grizzell,* 198 Ill. 313.)   The right of action and the legal title to the damages recovered being in them, they had a right to control the prosecution and disposition of the case and to compromise and release the cause of action. (*Henchey* v. *City of Chicago,* 41 Ill. 136; *Washington* v. *Louisville and Nashville Railway Co.* 136 id. 49.)   If this suit could be prosecuted after the settlement and the pay-ment of the damages which the lineal heirs were entitled to recover, and which under the decisions of this court were the whole damages resulting from the death, there would be a double recovery for the same loss and damage.   If either party having by the statute the right of action for the damages resulting from the death should settle the claim and release the cause of action, the whole cause of action in either would be released and gone.

It is argued that the act relating to mines is special and does not repeal the general statute under which this suit was brought, which is true but is of no importance in this case.   The person upon whom a right of action is conferred by the general act may bring a suit for the damages con-sequent upon the death of an employee on the ground of negligence of his employer, or the person entitled to sue under the special act relating to mines may bring an action for the same damages by alleging facts bringing the cause of action within the provisions of that act.   The fact that a suit may be brought under either act does not affect the question whether the same damages may be recovered twice.

The court did not err in overruling the demurrer to the plea.   The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*