## MEANING OF THE WORDS "LINEAL HEIRS."

Court of Appeals for Guernsey County.

EDMUND BURNETT v. THE NATIONAL COAL COMPANY.

Decided, November 16, 1914.

*Right of Action for Injury in a Mine—"Lineal Heirs" Who May Recover—Include Both Ancestors and Descendants—Section 972.*

The term "lineal heirs" as used in Section 972, General Code, before the amendment thereof (103 O. L., 76), is not confined to children of a decedent, but includes the parents as well.

*J. H. Mackey,* for plaintiff.
*Scott & McCullough,* for defendant.

METCALFE, J.; POLLOCK, J., and SPENCE, J., concur.

David Burnett was an employee of the defendant company, which is a corporation engaged in the business of mining coal. While at work in one of the mines of the company he received injuries resulting in his death. It is claimed that such accident was caused by the negligent acts of the defendant company. He left no widow or children, nor descendants of children, nor brother nor descendant of a brother, but did leave his father and one sister surviving him. The father brings this action to recover under said Section 972, General Code.

His right to recover in this case depends upon the construction to be given to the term "lineal heirs" as used in said section. Said Section 972 so far as necessary to be considered in this case reads as follows:

"In case of an injury to persons or property, occasioned by a violation of any of the provisions of this act, or any wilfull failure to comply with any provision of this act by any owner, lessee or agent of a mine, a right of action shall accrue to the person injured, or any direct damage he may have sustained thereby. In case of loss of life, by reason of such willful neglect or failure, a right of action shall accrue to the widow and lineal heirs of the person whose life has been lost, for like recovery of damages for the injury they shall have sustained."

That the right to recover provided for by this section is limited to widow and lineal heirs is plain enough, but the contention is, who are the "lineal heirs"? It is claimed on the one hand that it refers only to children and their descendants, and on the other hand that it includes the parents and all those who are in a direct line of relationship whether upward or downward.

Authority on this question is somewhat meager. Webster defines lineal "descending in a direct line from an ancestor; hereditary; derived from ancestors;—opposed to collateral; as, a lineal descent, or a lineal descendant."

Lineal consanguinity means relationship in a direct line up or down (*2 Repalje & Lawrence L. D.*, 763). A child is lineally related to its father and mother, and the father and mother are lineally related to the child. A man's ancestors are just as much lineally related to him as his children and their descendants. One is above and the other is below, but the relationship is direct. It is urged that this is not a question of consanguinity. The statute uses the term "lineal heirs" but has a person any "lineal heirs" who is not related to him? Under Sections 8573-8574 the father is heir to his son in default of certain other heirs. That is to say he inherits directly the property of his son if there are none of the persons living upon whom the statute casts a prior right of inheritance. The statute does not use the term "lineal descendants." The father is an heir and is lineally related to the son, why then does he not come within the terms of this statute? Can any good reason be given why the statute should be restricted to descendants alone, when there are others who are lineally related to the decedent and are heirs? Such a construction seems to us narrow in the extreme. It is true that this statute is in derogation of the common law and must receive a strict construction. That is, its terms must not be extended beyond the plain import of the words used, but we are clearly of the opinion that the words "lineal heirs" include within their plain meaning both ancestors and descendants.

The only case which we have been referred to and which we have been able to find bearing directly upon this question is *Willis Coal & Mining Company* v. *Grizzell*, 65 N. E. R., 74. In this case the court had before it for construction a statute of

Illinois very similar in terms to Section 972, General Code, and the question to be determined was whether or not the father, as in this case was or was not a "lineal heir." In the syllabus the court say:

"Under Section 33 Act of April 18, 1899, in relation to minors R. S. 1899, page 1175 providing that " in case of death by willful violation of the act a right of action shall accrue to the widow of the deceased, his lineal heirs or adopted children, or any other person who is dependent for support upon him. The right of action is in the widow if there is one; if not, then in the lineal heirs, which include parents or adopted children."

And in the opinion, page 76:

"Lineal consanguinity is that relation which exists among persons where one is descended from the other, as between son and father or grandfather, and so upward in the ascending line, and between father and the son, his grandson, and so downward in the direct descending line."

The judgment in this case is reversed and remanded to the common pleas court with instructions to overrule the demurrer to the petition.