## BONNER v. CHICAGO, R. I. & P. R. CO. et al.

No. 9076—Opinion Filed Dec. 9. 1919.

(Syllabus by the Court.)

### Railroads—Trespassers—Personal Injuries.

In the instant case Joseph Owens and his brother were lying upon the tracks of defendant company apparently unconscious; the plaintiff states, whether induced by sleep, intoxication, or other means, she knows not. A train struck and killed both, and this suit is for damages for the wrongful death of Joseph Owens. The place where the injury occurred was two miles from town, in a farming section, one-third mile of a public road, and from 30 to 50 feet of a path leading, from a farmhouse situated 400 yards east of track, across track, where gates had

been provided, to that portion of farm owned by occupant of farmhouse situated beyond the tracks. The only witness describing path said it was "not very plain." There was no evidence that the public had ever used this path. The two injured parties were total strangers in that community. The court refused to instruct the jury that the injury occurred at a public crossing or at a place that the public were in the habit of using, but did instruct the jury on the theory that the deceased was a trespasser. Held, not error.

Error from Superior Court, Pottawatomie County; Leander G. Pittman, Judge.

Action by T. C. Bonner against Chicago, R. I. & P. R. Co. et al. From judgment for defendants, plaintiff brings error. Affirmed.

Baldwin and Carlton, for plaintiff in error.

Abernathy and Howell for defendants in error.

HIGGINS, J. This is a suit for damages for a wrongful death, instituted by the plaintiff against the defendants, wherein she alleges that about 9 o'clock on the morning of July 5, 1915, at a point about two miles north of the town of Okarche, Oklahoma, a southbound passenger train of the defendants struck and killed her two sons, Joseph and Jessie Owens; that at the time the train struck them they were lying upon the track in an unconscious condition—whether produced by sleep, intoxication, a narcotic, or other means, she knows not; and states that the place her sons were killed was about 200 yards from a public road crossing and near a private road crossing the tracks of the defendants; that it was the duty of the railroad company to exercise ordinary care to keep a lookout for anyone at the place of injury in order to avoid injury; that it failed to exercise this care, and as a result her two sons were killed.

This suit is for damages for the wrongful death of her son, Joseph Owens, in the sum of $10,000. While the case was being tried and near its close, the plaintiff, over the objection of the defendants, was permitted to amend her petition, alleging that the employes operating the train of the defendant company saw her son, Joseph Owens, upon the track, and that they failed to exercise ordinary care to prevent injuring him, and as a result he was struck and killed.

The amendment of the petition after most of the evidence was in would indicate that there was some doubt whether the law applicable to a licensee or a trespasser was

applicable to the facts proven or to be proven in this case.

The railroad company filed a general denial, admitting, however, it was a corporation as alleged, and pleaded it was engaged in interstate commerce and in the hands of a receiver at the time of injury. The receiver filed a general denial, admitted its receivership, and pleaded contributory negligence.

The plaintiff replied by filing a general denial to each answer.

The jury returned a verdict in favor of the railroad company and its receiver, and an appeal has been taken by plaintiff to this court.

The first assignment of error is that the court refused at the request of the plaintiff to instruct the jury that the burden of proof of showing contributory negligence was on the defendants. The court undoubtedly believed that this instruction was given, for the reason that in his refusal he stated that the same was covered in his general charge. An examination of the instructions shows that the court did not instruct on contributory negligence. The defendants, if anyone, were injured by this failure. The court, having failed to instruct on contributory negligence, did not commit error by refusing to instruct upon whom the burden existed to show such negligence.

The plaintiff assigns as error the refusal of the court to instruct the jury on the theory that the injury occurred at a crossing. A railroad company is required to exercise ordinary care to avoid injuring a person at a public crossing, or at a private crossing where the public is using it to such an extent and for a sufficient period of time that the railroad might reasonably expect persons thereon. Missouri, K. & T. R. Co. v. Horton, 28 Okla. 815, 119 Pac. 233; St. Louis & S. F. R. Co. v. Hodges, 53 Okla. 427, 157 Pac. 60. To determine whether the court erred in its refusal to give such an instruction will require an examination of the evidence in this case The evidence shows that the place where the deceased was struck was about one-third of a mile south of a public crossing and in a farming section of country; that a residence stood some 400 yards east; that the party living in this house owned the land on both sides of the railroad and that a path led from his house to and across the railroad, where gates have been provided to his lands on the other side; the deceased was lying upon the track some 30 to 50 feet from this path. Only one witness for plaintiff was asked if the path was

plain, and his answer was "not very plain." He stated that to his knowledge it had been there over a year; there was no evidence of any kind that the public had ever used this path; there was no evidence of the extent of its use by the landowner. No witness testified as to ever having seen any one use it; not even to seeing the landowner use it. We therefore find that the trial court committed no error in refusing to instruct the jury on the theory that the injury occurred at a crossing such as where the railroad was required to exercise ordinary care to avoid injury to a person thereon.

The plaintiff assigns as error the giving of instruction No. 12 and that portion which reads as follows:

"You are instructed that under the evidence in this case the plaintiff's decedent was a trespasser upon the company's tracks, but even as such it became the duty of the defendant's agents and servants in charge of its train, when they saw him in imminent peril, if they did so see him, to exercise ordinary care to avoid injuring him. The law is that this duty does not arise until the imminent peril of the trespasser is discovered, but whether or not the agents and servants of the defendant company in charge of its train saw plaintiff's decedent in imminent peril in time to avoid injuring by the use of ordinary care is a question of fact for the jury under all the facts and circumstances in proof in the case."

This instruction correctly states the law applicable to the facts of the instant case. St. Louis & S. F. R. Co. v. Hodge, supra. The plaintiff complains that the court erred in referring to the deceased as a trespasser, for the reason that there was no evidence explaining how it was that he was lying on the track apparently unconscious, that he may have been drugged, or sick or placed there by means not his own  There is a law cited that a different rule of care is required of the railroad where the facts are as intimated could have been in this case.

We shall, therefore, take it for granted that the company was required to exercise ordinary care to avoid injuring him after they discovered him in imminent peril—consequently, the reference by the court to the deceased as a trespasser could have done no harm, for the reason the court was required to instruct the jury under the facts and circumstances of this case as though the deceased was a trespasser.

We have examined instructions Nos. 10 and 11. These instructions are a mere summary of the law laid down by the court that in the instant case the defendants were charged with the exercise of ordinary care

after the discovery of the deceased on the track. We find no error.

The engineer testified that the train was within about 200 feet from the deceased when he discovered him lying on the track, that he immediately cut off the steam and applied the emergency brakes and blew the whistle, that he had a heavy train of eleven coaches and was going about 45 miles an hour, that 250 feet was the nearest distance within which the train could have been stopped, and that he did stop the train within that distance. The evidence of the fireman largely corroborated the engineer.

We find no error in the assignments above referred to. An examination and reading of the complete record fails to disclose any error sufficient to reverse the case.

Affirmed.

All Justices concur.