## INCORPORATED TOWN OF SALLISAW v. WELLS.

No. 11141—Opinion Filed June 12, 1923.

(Syllabus.)

1. Negligence—Contributory Negligence and Assumption of Risk—Jury Questions.

Article 23, sec. 6, of the Constitution of Oklahoma is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact shall at all times be left to the jury.

2. Trial—Objections to Evidence — Sufficiency.

Under section 5070, Revised Laws 1910, an objection to evidence on the ground that it is incompetent, irrelevant, and immaterial is sufficient in the absence of a request from the trial judge or opposing counsel for more specific reasons.

3. Negligence—Proximate Cause of Personal Injury—Jury Question.

In a suit for personal injuries the question of whether or not defendant's negligence is the proximate cause of the injury sustained should be left to the jury, where the evidence is conflicting, or where men of ordinary intelligence might differ as to the effect of the evidence on the point.

4. Evidence—Parol Evidence of Writings—Predicate.

In order that parol testimony of the contents of a written instrument may be introduced in evidence, it must be clearly established by competent testimony that it has been lost or destroyed, or is otherwise unavailable through no fault of the party offering to prove its contents.

5. Master and Servant—Action Against Town by Fireman for Personal Injuries—Defective Apparatus—Evidence.

In a suit to recover for personal injuries sustained by the plaintiff while driving a fire wagon, where it is alleged that the injury resulted because of the defective condition of a wheel of the wagon, evidence that at the time of the purchase of the wagon by the city from the manufacturer the wagon was guaranteed for two years was hearsay and inadmissible.

6. Negligence—Evidence of Subsequent Repairs.

Evidence of repairs subsequent to an accident or injury is not admissible for the purpose of showing antecedent negligence.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by Stewart R. Wells against the Incorporated Town of Sallisaw for personal injuries. Judgment for plaintiff, and de-

fendant brings error. Reversed, and remanded, with directions.

Carlile & Wall, for plaintiff in error.

E. M. Frye, Roy Frye, and Sam R. Chew, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error against the Incorporated Town of Sallisaw to recover for an injury sustained by him while driving the fire wagon of the plaintiff in error. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The petition alleged that the injury was caused by the defective condition of the fire wagon and by the defendant negligently and carelessly permitting the culvert on one of its streets to become and remain in a dangerous and defective condition. The defendant alleges that the trial court erred in overruling defendant's demurrer to plaintiff's testimony, and in support of this assignment argues: (1) That the evidence shows that the injury was caused by the acts of the plaintiff; and (2) that it is impossible to tell whether the injury was occasioned by a defective wagon wheel, a defective culvert, or by the reckless driving of the plaintiff. The sufficiency of the evidence not being questioned in other respects, we shall only consider these two questions in connection with this assignment.

There was evidence on the part of the plaintiff tending to establish the defective condition of the culvert and, although there was testimony introduced from which the jury could have concluded that the injury was caused by the reckless driving of the plaintiff, this was a question of fact which was properly submitted to the jury. In Dickinson v. Granberry, 71 Oklahoma, 174 Pac. 776, this court said:

"Where negligence on the part of the master is shown, whether the intervening negligence of the person injured is a proximate cause of the injury is a mixed question of law and fact, and is therefore primarily one for the jury to determine under proper instructions. The court will not undertake to settle it in any case where it involves the weighing of conflicting evidence, the balancing of probabilities, and the drawing of inferences."

In Dickinson v. Cole. 74 Oklahoma, 177 Pac. 570, the syllabus is as follows:

"Article 23, sec. 6, of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the jury, and the finding of the jury upon these defenses is conclusive upon the court."

Defendant contends in its second proposition that even though there is some evidence tending to show that the injury was caused by the negligence of the defendant, yet it is a matter of conjecture as to whether the injury was caused by a defective wheel, a defective culvert, or by the reckless driving of the plaintiff, and that, therefore, the demurrer should have been sustained. In Petroleum Iron Works Co. v. Wantland. 28 Okla. 481, 114 Pac. 717, this court held:

"Where there is any doubt as to which of several probable causes produced the injury, the cause of the injury is probably a question for the jury."

And in Hartwig v. N. P. Lumber Co. 19 Ore. 522, 25 Pac. 358, it is said:

"It is not for the court to speculate upon the facts, but to submit them to the jury, if they tend to support the cause of action."

In Clinton & O. W. Ry. Co. v. Dunlap, 56 Okla. 755, 156 Pac. 654, the court said:

"In a suit for personal injuries the question of whether or not defendant's negligence is the proximate cause of the injury sustained should be left to the jury, where the evidence is conflicting, or where men of ordinary intelligence might differ as to the effect of the evidence on the point."

The trial court, therefore, properly overruled the demurrer to the evidence.

The defendant next complains of the action of the trial court in admitting certain testimony. As we have heretofore stated, one of the acts of negligence charged against the city was the defective condition of the fire wagon. As a part of his testimony on this issue, the plaintiff was permitted to prove over the objection of the defendant that the fire wagon had been purchased some eight years before the accident occurred, and that it was purchased under a written guarantee by which the wagon was guaranteed for two years and to carry a certain load. The plaintiff does not now contend that this testimony was admissible for any purpose, but says that the defendant did not make proper objections to the introduction of this testimony, and that its introduction was harmless. In view of the record in this case, we do not believe that the introduction of this testimony was harmless, and the plaintiff at the time of the trial evidently realized the effectiveness of this testimony. because one witness was called by him for the sole purpose of attempting to

account for the contract and two others for the purpose of proving the guarantee.

As to the contention that no proper objections were made to the introduction of this testimony, we find the following questions asked the witness Pickard, and the ojections thereto:

"Q. I will ask you to state if you remember the terms of the contract as to the guarantee, if there was a guarantee, on the life of the wagon? (Object to that. Not the proper way to prove what he is attempting to prove, especially in view of counsel's statement to the jury and it is not the best evidence.) Q. Do you know whether the city caused a greater number of feet to be put on the wagon, and if so, when? (Objected to as incompetent, irrelevant and immaterial and no allegation in their petition and it is too indefinite.)"

And the following questions were asked the witness Ellis, and objections made thereto:

"Q. What, if anything, was provided in that contract as to the life of the wagon? (Objected to as calling for a conclusion of the witness and not the best testimony.) Q. What, if anything, was provided for in the contract as to the tonnage or capacity of the wagon? (Objected to as being incompetent, irrelevant, and immaterial.)"

The first and third objections were not in the statutory form, neither did they go to the real objections to the testimony which was offered; but the testimony was objectionable on one of the grounds therein set forth, to wit, that it was not the best evidence, as the written contract was the best evidence of its contents. As said in Adams v. King, 69 Okla. —, 170 Pac. 912:

"In order that parol testimony of the contents of a written instrument may be introduced in evidence, it must be clearly established by competent testimony that it has been lost or destroyed, or is otherwise unavailable, through no fault of the party offering to prove its contents."

The record in this case contains no evidence showing that the original written instrument had been lost or destroyed. The other objections were sufficient under section 5070, Rev. Laws 1910, making an objection to evidence on the ground that it is incompetent, irrelevant, and immaterial cover all grounds ordinarily embraced in such objections, and it is not necessary to specify further grounds, or state more specific reasons.

As stated above, the plaintiff does not now contend that this testimony was admissible for any purpose, and it is our holding that it was hearsay evidence and inadmissible. Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 138 Pac. 790. The defendant further complains of the action of the trial court in admitting testimony showing the repair of the street where the alleged defective culvert existed some several months after the injury. It is insisted that proper objections were not made to this testimony, but in view of the fact that we have concluded that this case should be reversed because of the errors above mentioned, it is not necessary to consider this matter in detail except to say that it is not contended by the plaintiff that this testimony was admissible, and under the decision of this court in City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528, and Shawnee Gas & Electric Co. v. Motesenbocker, supra, this evidence was not admissible.

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.