## T. M. RICHARDSON *et al.* v. J. E. EVANS.

BANKING CORPORATIONS—*Directors—Newspaper Reports of—Error.* The defendants, plaintiffs in error, were carrying on a banking business under the name of the First State Bank. They sold out their interests to the Bank of Perry, which thereafter conducted the banking business in the name of the First State Bank of Perry. The defendant in error was a depositor in the First State Bank prior to the sale. His account was transferred to the Bank of Perry, in which he thereafter conducted his banking business, making deposits and drawing out money. The First State Bank of Perry subsequently became insolvent. The plaintiff brought suit against the defendants to recover, and introduced in evidence a newspaper article, published in one of the papers of Perry, the morning after the sale referred to, which, under the title of "They Combine," stated that the banks referred to had combined, and that the defendants, plaintiffs in error here, were among the directors of the new institution formed out of the combination. The newspaper article was prepared by its editor, without any knowledge of the defendants, and was admitted in evidence in this case under the petition seeking to charge the defendants with liability for the obligations claimed to be due the plaintiff, not only for the deposits which he made in the First

State Bank, but also for those which he had made in the First State Bank of Perry. The effect of the article upon the minds of the jury may reasonably have been to the effect that the defendants had permitted their names to be held out as directors of the First State Bank of Perry, and interested in the new institution and liable for its debts, and we think that the admission of this article was error.

*Error from the District Court of Noble County.*

### STATEMENT OF FACTS.

The plaintiffs in error, T. M. Richardson, D. C. Richardson and T. M. Richardson, Jr., were, after the first settlement of the townsite of Perry, engaged as partners in the city of Perry in a general banking business which continued to about the beginning of 1895, when T. M. Richardson, Jr., retired from the business and remained as cashier and manager of the bank with T. M. Richardson and D. C. Richardson, who continued the business as partners under the firm name of the First State Bank up to the 11th day of June, 1895, when the Richardsons sold out their business to F. W. Farrar and his associates, retaining out of the assets of the bank the sum of $6,000 as a bonus to the Richardsons. An agreement by which this sale and transfer was made was signed by T. M. Richardson as president of the First State Bank and by F. W. Farrar as cashier of the Bank of Perry. The agreement entered into in writing was as follows:

"T. M. Richardson, president; D. C. Richardson, vice president; T. M. Richardson, Jr., cashier. First State Bank, successor to T. M. Richardson & Sons; capital, $50,000; Perry, Oklahoma, June 11, 1895. This contract, made this 11th day of June between T. M. Richardson, president of First State Bank, and F. W. Farrar, cashier of Bank of Perry, is as follows:

"The total deposits subject to check in the First State Bank, amounting to $35,221.47 at close of business, June 11, 1895, also the certificates of deposit in said

First State Bank, at close of business June 11, 1895, amounting to $504, and the certified checks in said First State Bank, amounting to $2,623.75, at close of business, June 11, 1895, are this day transferred to F. W. Farrar and associates who will continue the banking business from June 12. 1895, as the First State Bank of Perry. T. M. Richardson has this day turned over to F. W. Farrar $38,212.50, being the total amount of deposits, certificates of deposit and certified checks, the receipt of which is hereby acknowledged. F. W. Farrar and associates are to be responsible to the depositors for all such business as is this day transferred to them. T. M. Richardson is from this day not connected with the First State Bank of Perry. Signed this 11th day of June, 1895. F. W. Farrar, cashier Bank of Perry. List of stockholders of the Bank of Perry, June 11, 1895: J. V. N. Gregory, G. S. Hartley, J. T. Lafferty, V. C. Talbert, First National Bank of Arkansas City, F. W. Farrar."

The defennant in error was a depositor in the First State Bank of Perry, the name under which the new institution was carried on. Various sums were drawn out, leaving him a creditor in the sum of between seven and eight hundred dollars to the First State Bank of Perry, at a subsequent period when it became insolvent. The defendant in error brought this action to recover the amount of money including the balance which was on deposit in the First State Bank, together with such sums as he had subsequently deposited in the First State Bank of Perry, from the plaintiffs in error.

*H. H. Howard, J. L. Pancoast* and *C. A. Galbraith*, for plaintiff in error;

*Allen & Diggs* and *W. C. Moore*, for defendant in error.

The opinion of the court was delivered by

McAtee, J:    The defendant in error brought this action against the plaintiffs in error to fix their liability as partners in the First State Bank of Perry, and to recover from them the amount of money which he had deposited in that institution at the time of its failure. The plaintiffs in error denied all liability, and averred that they went out of business on the 11th day of June and sold and transferred all their interest under the written contract herein set forth.   Evidence was introduced to show that the notice of consolidation of both the banks under the name of the new one and the list of officers of the State Bank of Perry was that of T. M. Richardson, as a director, and T. M. Richardson, Jr., as cashier, was published in the Perry "Enterprise" and "Democrat," and that these notices came to the knowledge of T. M. Richardson, Sr. and Jr., on the morning of June 11 or June 12, and that on the morning of June 12, 1895, the doors of the new bank were opened for the transaction of business at the place of business of the First State Bank, with the officers and employes of the bank performing the duties of the new bank which they did in the old one, using the checks, furniture and pass books of the old bank with no change in signs except the removal of one sign from the building.   In order to show that the plaintiffs in error were not in good faith in endeavoring to notify the public that they had retired from the banking business, sold out their interest 'and retired from business, the plaintiff, the defendant in error, was permitted, over the objection of the defendants, to introduce in evidence a newspaper article which had been published in the Perry "Democrat," a paper of general circulation in the city of Perry, on the 12th day of June, 1895, entitled "They Combine," which stated

that "as will be seen by an advertisement in another column, the First State Bank and the Bank of Perry have consolidated. These banks are both too well known to our readers to need any recommendation. They were established at the opening tof he strip and have maintained the highest of reputations from the start. They have done a good business, and have the confidence of the whole community. By constant and untiring effort and close personal attention to business both Mr. Richardson and Mr. Farrar have maintained their respective banks upon an absolutely safe basis. The directors will be J. V. N. Gregory, T. M. Richardson, Sr., F. W. Farrar, T. M. Richardson, Jr., and George S. Hartley."

The evidence upon which this editorial article was introduced to the jury, showed that the information was obtained from Farrar, Davis, or Davidson, and that neither of the Richardsons were present when the information was obtained, nor that any one of them was connected with it as having authorized or been cognizant of its intended publication. Its admission was objected to, the objection overruled, and exception taken. The jury were not specially instructed in what manner it should be regarded, and we think, in the absence of any evidence showing that its publication was authorized by the Richardsons, or either of them, that it should not have been given to the jury, as evidence, against the plaintiffs in error. Special findings of fact were requested and given by the jury, a part of which were as follows:

In. 3. "Did T. M. Richardson consent that his name should be used as a director of the First State Bank of Perry? Ans. Yes, until July 12, 1895.

In. 12. "Did the defendants, or either of them, knowingly permit themselves, or himself, to be held out

to the public as interested in the First State Bank of Perry; and if so, in what maaner was such permission given? A. By closing out a public business in a private way."

The fact or manner of T. M. Richardson's connection with the First State Bank of Perry and that he knowingly permitted himself to be held out to the public as interested in the First State Bank of Perry were thus directly found as facts by the jury on the newspaper article in question. The evidence shows that this article was a voluntary one, prepared by a stranger to the firm, without authority or knowledge of the plaintiffs in error, and it directly tended, when allowed to go to the jury, as it was, without limitation as to its weight or sufficiency, or the purpose for which it might be used or considered, to convince the jury of the facts stated in their special findings, in as much as the newspaper article itself contained positive averments of the same facts, and it is impossible to know or assume how far this newspaper article entitled "They Combine" had to do with the conclusion of the jury that T. M. Richardson permitted his name to be held out to the public as a director and to hold himself out as directly concerned in and with the new institution, the First State Bank of Perry. Upon the issues in this case, we think this reversible error.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

Bierer, J., having presided in the court below, not sitting; all the other Justices concurring.