## FERRIMAN v. TURNER et al.

No. 13534—Opinion Filed June 10, 1924.

1. Nuisance—Gasoline Storage Tanks on Industrial Block not Nuisance Per Se.

The construction and maintenance of two storage tanks for gasoline of 10,000 gallon capacity each upon private property located in a block designated and used for industrial purposes, cannot be regarded as a nuisance per se, or a wrongful use of private property which the court may enjoin.

2. Same—Injunction Granted Only Where Shown that Precautions are not Taken Against Explosions.

This court will not grant injunctive relief enjoining the installation and maintenance of tanks for storage of gasoline on private property, in a city block occupied and used for industrial purposes, unless it is alleged and proven that such steps and precautions will not be taken as are known to be necessary to avoid the danger of, and prevent explosions.

3. Same—Necessary Showing for Injunction.

The storage of gasoline is not a public nuisance per se; whether or not it becomes a nuisance such as will authorize a court to grant injunctive relief depends upon the location or the manner in which such storage is installed and conducted; either one or both of such grounds combined may be sufficient to justify the granting of an injunction.

4. Same—Mere Increase of Fire Hazard not Ground for Injunction.

The mere fact that the erection of a build-

ing or plant on private property near or adjacent to that of another will increase the fire hazard or enhance the insurance rate on such other property is not of itself sufficient grounds to enjoin the erection, as for the prevention of a nuisance.

## 5. Evidence—Hearsay—Book on Gasoline Explosions—Erroneous Admission.

A document published in New York City entitled "Bureau of Explosives," in which is given a description of many of the most notable gasoline explosions which have occurred in the United States, and contains a scientific discussion of the causes and results of such explosions, is in the nature of hearsay evidence, and is incompetent and irrelevant, and the admission of such evidence over objections in a case where the explosive character of gasoline is the principal issue, constitutes reversible error.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by J. V. Turner and others against H. C. Ferriman. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Sam K. Sullivan and R. J. Shive, for plaintiff in error.

John S. Burger and J. E. Curran, for defendants in error.

Opinion by JONES, C. This is a suit in equity instituted in the district court of Kay county, Okla., on the 11th day of April, 1921, by J. B. Turner and 23 other property owners in the city of Blackwell, appellees herein, against defendant, H. C. Ferriman, appellant herein. The plaintiffs allege in their petition that they are the owners of certain real estate in the city of Blackwell, and specifically describe the same and the location thereof, and further allege that the defendant, without the consent and against the will of plaintiffs, is about to erect two 10,000 gallon storage tanks for the storage of gasoline on the north half of lot 4, and lot 24, in block 11, in Peckham addition to the city of Blackwell, Kay county, Okla., which premises immediately adjoin the lots of the plaintiffs J. B. Turner and R. W. Wallace, and is in close proximity to the property of the other plaintiffs. That the defendant expects to, and intends to keep large quantities of gasoline in said storage tanks. That the plaintiffs J. B. Turner and R. W. Wallace have a building on their lots which they use for the storage of furniture, and other merchandise, and that the storage tanks, when erected as contemplated by the defendant, will come within a few inches of the building of these two plaintiffs. That the plaintiff Blackwell Mill & Elevator Company uses its lots for a mill, office building, elevator, and for cars which are shipped in for loading and unloading, and would stand in close proximity to the defendant's tanks if erected.

That the property of the other plaintiffs is occupied by the respective owners or their tenants, and is located within a short distance from said tanks. That said tanks, when erected, will be in a thickly settled community, and within the corporate limits of the city of Blackwell, and a few feet from North Fourth street, a paved and largely traveled thoroughfare, and a few hundred feet from W. Blackwell avenue, one of the main traveled streets in the city of Blackwell. That the location of said tanks will greatly endanger the lives and safety of plaintiffs and the lives of the general public traveling on said streets in the vicinity of said tanks. That the gasoline in said tanks would be liable at any time to be exploded, and the maintenance of said tanks with such explosives is a nuisance, and greatly endangers the lives and property in the community, and depreciates the value of the property, renders it unsafe and dangerous for said plaintiffs to use their property or to continue to reside in their homes, which were erected, and of which they were in possession long prior to the beginning of this action. That this location is not a proper place for such storage, but that same should be located in a place more remote from residences, streets, and communities of people. Plaintiffs further urge that they have no adequate remedy at law, and pray that the defendant be restrained and enjoined from erecting said storage tanks upon said property, or in the vicinity thereof, and from keeping gasoline or other explosives upon said property or vicinity thereof. On the filing of the petition of plaintiffs, the county court of Kay county issued a temporary restraining order in keeping with the prayer of the petition.

On the 18th day of April, 1921, the defendant, appellant herein, filed his notice and motion to dissolve the restraining order to be heard at Medford, Grant county, on April 20, 1921, and on hearing of the same the district judge denied the motion. And on the same day the defendant filed his answer, in which he admits that he is the owner of the property, and is in the act of erecting the storage tanks as alleged by the plaintiffs, and further avers that same is necessary in the operation of his business and is not dangerous, and will not create a menace to the public or constitute a nuisance; wherefore, he prays that the petition be dismissed and the restraining

order be dissolved. The action was tried on the 9th day of March, 1922, and after the introduction of evidence on the part of plaintiffs and defendant, the court sustained the contentions of plaintiffs, and granted a permanent injunction enjoining defendant from the erection of said tanks for the purpose of storing gasoline therein. Defendant filed a motion for a new trial, which was overruled, and from which order and judgment of the court he appeals to this court, and sets forth numerous specifications of error, a number of which he groups under one head, which goes to the material issues involved, and is to the effect that the court was in error in rendering the judgment complained of, and the evidence offered was not sufficient to sustain or justify the same, and the second proposition urged is based on the fifth assignment of error, that the court erred in permitting defendants in error, plaintiffs below, to introduce irrelevant, incompetent, and immaterial evidence, being hearsay, over the objections of plaintiff in error. The facts, as disclosed by the record, show that the storage tanks when constructed would be within 18 inches of the warehouse of plaintiff Wallace Furniture Company; the plaintiff Rice Jones Motor Company garage is 103 feet from the foundation wall of the tanks; a small store building belonging to another plaintiff is 69 feet from the location; the the property of the plaintiff Blackwell Mill & Elevator Company is approximately 388 feet; the closest residence belonging to one of the plaintiffs is 194 feet; four other residences are in the same block and are approximately from 225 to 250 feet; there are five other residences within 300 feet, and the property of the other plaintiffs is approximately within the same radius. The one farthest away is 450 feet. There are 12 residences within this area, which belong to the various plaintiffs in the case and were estimated by witnesses to be of the value of $1,800 to $3,500 each. This property as shown by the map or plat of the city of Blackwell offered in evidence, to wit, block 11, faces on the Frisco railroad right of way and is a fractional block, so far as depth is concerned, being 480 feet long, and 150 feet deep. It originally had an alley running through it 20 feet wide, which seems to have been vacated, and the storage tanks are being constructed partly in the alley and on the 30 foot lot facing the Frisco right of way. The residences of the plaintiffs are in adjoining blocks across Fourth street, and the mill and storehouse, and garage and the small store are in block 11, which is designated as being industrial property, and the entire block is used for industrial purposes, no residences having been erected on the block. The tanks which the appellant contemplates placing on the property hold approximately 9,800 gallons each, and seem to be of standard make and material. The witnesses offered by the plaintiffs testified as to the location and position of the various structures, and properties of the plaintiffs, and of the location of the storage tanks, and expressed their opinion as to the results and effect that the location of the storage tanks would have upon their property. The plaintiffs called as a witness Dr. Edwin DeBarr, who testified as an expert concerning the inflammability and combustibility of gasoline, and he was of the opinion that it would greatly endanger the property and lives of the plaintiffs to permit the construction and erection of the tanks upon the property of the defendant, and testified at some considerable length as to the probability of, and cause of explosions of gasoline, and testified to the fact, which in the judgment of this court is a matter of common knowledge, that gasoline is highly inflammable and explosive. The evidence offered by the defendant, appellant herein, was mainly to the effect that when gasoline is handled properly and everything done that is necessary and proper to do, in the construction and maintenance of storage tanks, and where a due regard is had at all times for the inflammable and explosive nature of gasoline, and where the danger is reduced to the minimum, that there is practically no danger, and call attention to the fact that there are thousands of filling stations, storage tanks, and tank cars throughout the country, and that where the receptacle containing gasoline is properly constructed and every known precaution to reduce the danger to the minimum is used, that there is practically no danger of explosions, and that the danger when reduced to the minimum is practically inconsequential.

The facts further disclose that at the time of the trial of this case in the district court of Kay county, there were six batteries of storage tanks, such as were contemplated to be used by the defendant in this case, then installed and being operated in the city of Blackwell, and some of these storage tanks were equally as close to other industries and residences as is the location upon which the defendant contemplates erecting his storage tanks, and the defendant testified, which is not controverted, that he was installing the same character of tanks, and in the same manner, as the other storage tanks in the city.

The appellant calls attention to the fact that this is an equitable action, and that this court is not bound by the findings of

fact made by the trial court, but may consider the evidence and render such judgment as it deems proper, and cites the cases of Lee v. Little, 81 Okla. 168, 197 Pac. 449, and Keechi Oil & Gas Co. v. Smith, 81 Okla. 266, 198 Pac. 588, and Blakeslee v. Young, 82 Okla. 114, 198 Pac.. 605, and this contention is not controverted by appellees. Appellant attacks the testimony of Dr. DeBarr as an expert, and contends that the danger of gasoline as testified to by Dr. DeBarr should have but little weight, in view of the fact that it is common knowledge that gasoline is continually used by a large per cent. of our citizenship throughout the entire country every day, and that thousands and thousands of storage tanks are erected in the various cities and towns and in the country, and practically no explosions occur by reason of storage tanks, such as are contemplated to be used by the defendant in this case. We have no special criticism to offer as to Dr. DeBarr's testimony. He merely gave a scientific exposition of the inflammability and explosive character of gasoline, and this is a fact of common knowledge, and we think the courts have very properly held that they take judicial knowledge of such facts. However, the testimony of expert witnesses, under the general rules of evidence, as has been established by the courts of this country, is not given great credence or weight. As a rule it is very difficult of practical application to the every day affairs of life, and is generally regarded by the courts as an unsatisfactory and rather unreliable class of evidence. As we view this case there is no serious controversy or conflict in the evidence, and it resolves itself into a question of law for the court to determine whether or not, under the facts as shown, plaintiffs are entitled to injunctive relief. Appellant cites the case of Shamburger v. Scheurrer et al. (Tex.) 198 S. W. 1069, wherein the court held, in substance, that the fact that nuisance complained of might be such as would depreciate the value of adjoining property, and increase the rate of insurance, was not sufficient grounds to justify the granting of an injunction. This seems to be the rule followed by the great weight of authorities. He also cites the case of City of Electra v. Cross (Tex.) 225 S. W. 795, which is a case wherein the erection and construction of a filling station in the city of Electra was involved, upon which preparations were being made to store large quantities of gasoline and in passing upon the plaintiffs' right of injunctive relief the court said:

"To say the least, gasoline is used as a motive power almost as extensively as is steam. Unless properly insulated from flames, it will explode. But while in a general sense it may be termed an explosive and therefore dangerous. it does not follow that its storage in tanks of a filling station is necessarily so dangerous as to authorize the issuance of a writ of injunction to restrain such storage as is alleged in plaintiff's petition. It is a fact known to every one that it can be and is used with safety to propel motor cars and other kinds of machinery all over the land, notwithstanding the fact that while being so used, it is kept in close proximity to sparks of fire which explode small quantities of the gasoline as it is fed from the receptacle in which the supply is contained. It is kept with safety in storage at filling stations in almost every town in the country. The danger from explosion while so used or stored is practically eliminated by proper insulation and other preventive methods. Unless it be alleged and proved that such steps will not be taken to avoid the dangers of an explosion, no sufficient showing is made of such dangers from explosion as will authorize the issuance of the equitable writ of injunction to restrain the defendants from supplying a public need by erecting and maintaining the filling station proposed. Strieber v. Ward, 196 S. W. 720, and authorities there cited."

Appellant also cites the case of Julien v. Golden Rule Oil Company, 212 Pac. 884, a Kansas case, which also involves the right of parties to erect and operate filling stations, and follows the same rule as announced in the Electra v. Cross Case, supra, and the case of State v. Cozad (Kan.) 213 Pac. 654, which is a case involving the erection of storage tanks and is in some respects similar to the case at bar. In that case the defendant was attempting to erect storage tanks in the city of Cherryville, Kan., one of a capacity of 12,000 gallons, and the other of a capacity of 16,000 gallons. The nearest dwelling in that case was 84 feet and others within 110 to 160 feet, and the court held:

"The storage of kerosene or gasoline is not a public nuisance per se. Whether or not it becomes a nuisance depends upon the location or the manner in which such storage is installed and conducted"

—and in the body of the opinion cites the case of Julien v. Golden Rule Oil Co., supra, from the Supreme Court of Kansas, wherein the court laid down the rule:

"The maintenance of filling stations in locations described herein cannot be regarded as a nuisance per se or a wrongful use of private property, which the court may enjoin"

—and reversed the order of the lower court granting an injunction. In that case defendant had installed an underground storage tank for gasoline and kerosene within a few

feet of a residence. Appellant cites many other authorities on the question of injunctive relief, which have some bearing upon the matter in controversy, but it seems from an examination of all the authorities that the courts have laid down no general rule, whereby we may be guided in questions of this character, seeming to prefer to let each and every case be governed by the facts surrounding the same. The appellant's fifth assignment of error, heretofore referred to, alleges that the court, over the objections of the defendant, appellant herein, permitted plaintiffs to introduce a circular entitled "Bureau of Explosives," which seems to have been published in New York City. This was objected to by the appellants on the grounds that it was incompetent, irrelevant, and immaterial and hearsay, and in support of this contention appellant cites 6 Cyc. of Evidence, page 448, wherein the author states:

"The hearsay rule applies as forcibly to statements in writing as it does to those verbally made"

—and also cites the case of Shawnee Gas & Electric Company v. Motsenbocker, 41 Okla. 454, 138 Pac. 790, wherein this court said:

"It amounted to a statement, that the defendant was guilty of negligence. It was hearsay purely; but coming in the form it did, it must have been judicial. The recitation in the resolution that the gas and electric company was guilty of negligence undoubtedly influenced the jury. A statement made out of court is never admissible, except as an admission or confession or for the purposes of contradiction, or in some cases to show motive or state of mind, and except dying declaration. This resolution was neither. It was error to admit it as against the gas and electric company."

And further cites the cases of Silverstein v. O'Brien, 43 N. E. 496, Richardson v. Evans, 5 Okla. 803, 50 Pac. 85, and the case of Poling v. San Antonio and A. P. Ry. Co., 75 S W. 70, wherein the Civil Court of Appeals of Texas said:

"Cannot perceive upon what principle it can be contended that the publication in the Kerrville News, a newspaper published and circulated in Kerr county, Texas, of date February 1, 1894, of the proceedings of the medical board of examiners of the Thirty-Eighth Judicial District, could be admitted in evidence in this case. Such publication was purely hearsay, and there was no evidence introduced or offered tending even to show that the defendant company had any knowledge of it, either at the time or after it employed Dr. Palmer as its physician."

We think under these authorities the document offered in evidence was clearly incompetent, irrelevant, and immaterial, and that it was hearsay evidence. In view of the fact that the case was being tried before the court, it might be contended that the court would not be prejudiced or misled by evidence, but in view of the fact that the court permitted it in evidence, we would infer that he regarded it as competent and relevant testimony in every particular, and if so it would be calculated to mislead the court, and be highly prejudicial to the rights of the defendant, appellant herein. From an examination of the document entitled "Bureau of Explosives," we find that photographic illustrations of some of the most notable explosions of gasoline which have occurred in recent years in the United States appear, and photographs showing the results, the destruction of property and lives, are also illustrated, and a lengthy discussion of the cause and effect, and result of such explosions, is given in the document, and a synopsis showing all of the most notable explosions which have occurred throughout the United States is given, showing in all 15 different explosions. And from an examination of same, we find that in every instance it was an explosion of a tank car filled with casing-head gasoline, and while these matters are well known and undisputed facts, the statements contained in the document are clearly hearsay, so far as the issues involved in this case are concerned, and could have but little bearing on effect on the issues involved in this case, and if considered by the court, and we have no right to assume that the court did not consider it, would necessarily be highly prejudicial to the defendant's rights in this case, and we think constituted reversible error.

Appellees call attention to the well-known rule that:

"In an equitable action the presumption is in favor of the findings of the trial court and it cannot be set aside unless clearly against the weight of the evidence"

—and seriously urge that the evidence was clearly sufficient to sustain the judgment of the court under this rule, and also call attention to the rule as announced in State v. Cozad (Kan.) 213 Pac. 654, supra, wherein the court announces:

"It is a well settled fact that courts may take judicial knowledge of the inflammable and explosive qualities of gasoline and kerosene; that their storage, even in large quantities, does not constitute a nuisance per se, and that whether or not they constitute a nuisance depends upon the location of the tanks with reference to other buildings, or the manner in which the tanks are construed and operated."

And cite in support of this rule, 29 Cyc 1177, Great Oil R. Co. v. Lutes, 190 Ky. 451, 227 S. W. 795; Thomas v. Jacobs, 254 Pac.

255, 9S Atl. 863, and other authorities in support thereof, and cite the case of Town of Rush Springs et al. v. Bentley et al., 75 Okla. 118. 182 Pac. 664, as an authority in support of their contention that they are entitled to injunctive relief in this case. From an examination of that case, we find that the question involved was that of the right of defendant to construct a sewer basin and septic tank in close proximity to the residence of plaintiff, wherein the court held that the plaintiff was entitled to the relief sought, and granted an injunction, but we do not regard the authorities cited as being in point or controlling in cases such as the one here involved. The establishment of a sewer basin and septic tank usually is, and was in the case in this instance, a public enterprise, and if any considerable per cent. of the public who are interested in its construction or location object to the same, there is no absolute necessity or good reason for so constructing it over their objections, and in such manner as will be detrimental to their interest in any particular, and we think courts exercise the power of granting injunctions more readily in cases of that nature, than where they are dealing with the interest of private individuals, and property rights, as is the case with which we are now confronted.

They also cite the case of Whittemore et al. v. Baxter Laundry Company (Mich.) 148 N. W. 437, and from an examination of same, we find it to be a case where the defendant was about to install two storage tanks of 10,000 gallon capacity each for the storage of gasoline in a residence district of the city and in a few feet of a private residence, and the court very properly enjoined the erection and construction of same.

They also call attention to the case of Zeppenfeld et al v. Franklin Motor Service Co. (Ind.) 134 N. E. 487, wherein the plaintiff sought to enjoin the installation of a 16,000 gallon storage tank adjoining their property, and the trial court sustained a demurrer to the petition upon the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. and the Supreme Court reversed the order sustaining the demurrer and remanded the cause for trial. And in reversing the case announces various rules which the appellees think applicable to the case at bar, and to some extent are, but from various expressions gathered from the opinion it evidently, like other cases heretofore cited, was to prevent the installation of storage tanks within a few feet of dwelling houses and in a residence district. Many other authorities are cited by appellees in support of their contention, and the judgment of the court in granting the injunction, which we recognize set forth correct rules of law, and it might be said that there is a conflict of authority on the question, but in fact it is more apparent than real, for the reason that courts have laid down no specific rule to govern transactions of this kind, but as heretofore stated, have left each case to stand on its own bottom. In this case, after eliminating the evidence which we regard as being incompetent and irrelevant, we are inclined to the opinion that the facts established are not sufficient to warrant the granting of an injunction. The fact that the storage tanks in this instance are being installed on property used and denominated as industrial property, and not in the immediate vicinity of property used as residence property, and in view of the evidence which we regard as credible, that when all known means and safety appliances are used to reduce the danger of handling gasoline to the minimum that there is in fact practically no danger, and in view of the fact that the writ of injunction is an extraordinary remedy and should only be granted when there is no adequate remedy at law, and only under extraordinary circumstances, we are inclined to the opinion that this case should be reversed and remanded for a new trial, and so recommend. Ordinarily in cases where it is largely a question of law the court might very properly render judgment in the case, but as much depends upon the manner of installing and operating storage tanks and plants, such as are here involved, we think it better to permit a retrial of the case.

By the Court: It is so ordered.