## CHAMPLIN REFINING CO. v. DUGAN et al.

No. 17927. Opinion Filed May 15, 1928.

Rehearing Denied Oct. 2, 1928.

McKeever, Moore & Elam, for plaintiff in error.

Dan Huett and Jacobs & Underwood, for defendants in error.

LESTER, J. The parties to this action appear here in the reverse order to that in the district court, and for convenience will be referred to as they appeared there.

Plaintiffs brought an action for an injunction against the defendant, alleging the plaintiffs were the owners of certain residence property in the city of Enid; that it was located within the exclusive residential district of that city; and that the defendant had commenced to build and intended to operate "a public drive-in filling station on a lot joining the property of one of the plaintiffs, H. H. Dugan; and that said filling station threatened to be built was within a distance of 17 feet of the residence home of the plaintiff Dugan, and is about 84 feet from the house and home of the ·plaintiff White."

Plaintiffs further alleged that the filling station, if permitted to be constructed, would be operated from about 5:30 or 6:00 o'clock in the morning until about 10:30 or 11:30 p. m. each day of the week, including Sundays; and that on account of operating said filling station after its completion, it would become and cause "a continuous and physical discomfort and mental annoyance

to the plaintiffs and their families to such an extent that they cannot enjoy the quiet and peaceful comforts of their own homes and properties; · that the operation of the filling station as the defendant is threatening to build, would unlawfully annoy and disturb the plaintiffs and their families in the enjoyment and in the use of their own homes and properties, constituting a continuous and threatened daily and nightly nuisance, irreparable in damages."

The defendant filed its answer, which consisted of a general denial of plaintiffs' allegations, except as to the ownership of the property as set forth in plaintiffs' petition, and except as to the intention of the defendant to construct and operate a filling station as charged in plaintiffs' petition.

Trial was had on the issues thus formed, and the court at the conclusion of the hearing made the following findings in part:

"The court further finds that the property of the plaintiffs described in the petition are in an exclusive residential district of said .city ·of Enid and that the city of Enid is a city of first class and of about 25,000 population.

"The court further finds that the defendant is threatening to erect and has begun the construction of a public drive-in filling station on property owned by it and described in the answer and near the residence property of these plaintiffs, as described in the petition, and within 100 feet of the residence of A. B. White and within 20 feet of the residence of Dugan.

"The court further finds that it is the intention of the defendant to operate said public filling station from about 7 o'clock a. m. to about 9:30 or 10:00 p. m. each day in the week, including Sundays, and that automobiles and other motor driven vehicles using gas and oil and getting water and air at said station will be continuously going in and out of said station from early morning until late at night, stopping and starting, and that loud and unusual noises made by these cars and motor driven vehicles starting and stopping and the smell of gas and other fumes and reflection of lights from the various cars and motor driven vehicles will constitute, and be, a continuous physical discomfort and mental and physical annoyance to the plaintiffs and their families in an unwarrantable manner, and thereby unlawfully annoy, discomfort, and disturb the plaintiffs and their families in the quiet use and peaceful enjoyment of their homes and property, constituting a continuous nuisance irreparable in damages."

The defendant's principal assignment of error is as follows:

"The said court erred in rendering judgment, over the objection and exception of plaintiff in error, in favor of the defendants in error and against the plaintiff in error as shown by reference to pages 221 and 223, both inclusive, of said case-made."

An examination of the record shows that the findings of the trial court were not clearly against the weight of the evidence, and therefore, before we would be justified in reversing the judgment entered by the court, we must say that, although the plaintiffs' property was located in an exclusive residential district in Enid, and the proposed filling station is located within 20 feet of the residence of plaintiff Dugan, and 100 feet of plaintiff White, that such filling station would not constitute such a nuisance as the court of equity would enjoin.

Section 7870, C. O. S. 1921, so far as applicable to the objections leveled by plaintiffs against the erection and operation of the filling station herein involved, is as follows:

"A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission either: First. Annoys, injures or endangers the comfort, repose, health, or safety of others."

The erection and location of filling stations are subject to regulations in practically every city in the Union. In the instant case the defendant sought to secure a building permit for the erection of the filling station in controversy, and such permit was by the city of Enid refused.

From an examination of the authorities we find the well-settled rule to be that when the prosecution of a business, of itself lawful, in a strictly residential district impairs the enjoyment of homes in the neighborhood thereof and the comfort and repose of the normal individual residing therein, the maintenance of such business in such locality becomes a nuisance and may be enjoined. If it were not the rule, no person residing in a strictly residential district would ever be secure in his home from threatened annoying encroachments of business or industrial enterprises.

In the case of City of Muskogee et al. v. Morton, 128 Okla 17, 261 Pac. 183, this court said:

"It is evident that the operation of a filling station at the place proposed would annoy and disturb the surrounding inhabitants; tend to render their properties less desirable for the uses to which they are now dedicated; and depreciate the value of the surrounding homes."

The case of McPherson v. First Presbyterian Church of Woodward, 120 Okla. 40, 248 Pac. 561, included the right of a church organization to prevent the building and operation of a drive-in filling station so near the church building as to interfere with church worship; the court there said:

"We conclude that it is clearly pleaded and proved that defendant, unless prevented by law, will construct and operate such filling station; that unusual noises, emanating from the operation of such proposed station, would annoy and disturb plaintiffs to such extent and degree as unlawfully to interfere with them in the use of their properties in this particular location; that the other incidents surrounding such operation in this particular location corroborate the claim of plaintiffs that they would be so annoyed and disturbed thereby. It follows as matter of law that such location and operation of such filling station would be unlawful and constitute a nuisance; and, since these things clearly appear to be probable, not merely possible, injunction quia timet will lie. The judgment not being clearly against the weight of the evidence, let the same be affirmed."

The court in paragraphus 1, 5, and 6 of the syllabus of the last cited case said:

"1. The court will take judicial notice that the mechanism of gasoline motors operates on the principle of explosion, and that such explosions and other unusual noises are made by the stopping and starting of gasoline motor vehicles, and that such noises ordinarily are distinctly audible for a distance greater than 100 feet."

"5. Though every one has the right to the reasonable use and enjoyment of his own property, he may not so use it as to unreasonably deprive an adjacent owner of the lawful use and enjoyment of his property, and one using his property in an unwarrantable manner, and thereby injuring the comfort, health, and safety of another, creates a 'nuisance,' which may be enjoined at the suit of the person so injured.

"6. Mere noise may be a nuisance if it be of such character as to be productive of actual physical discomfort and annoyance to persons of ordinary sensibilities in lawful use and enjoyment of their own property."

It clearly appears to us that the installation and operation of a drive-in filling station would interfere with the peace, comfort, and repose of the plaintiffs, whose property is located within a strictly residential section of Enid, and that they should be protected in the enjoyment of their prop-

erty against the annoyance and disturbance which would be caused by the operation of the said nuisance. The plaintiffs selected their homes in the exclusive residential section of Enid, where they assumed they would be enabled to enjoy their homes in quietude, comfort, and repose. The defendant, however, for commercial reasons, elected to enter this residential district and by the construction and operation of a filling station disturb the peaceful conditions which the plaintiffs had theretofore enjoyed. It will be readily observed that if the plaintiffs cannot inhibit this invasion of the defendant by the force of an injunction, then no home in this state, under similar conditions, would be free from the danger of a like nuisance.

Judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, and CLARK, JJ., concur.