# FRANK THOMAS v. STATE.

No. A-8412.  Sept. 30, 1932.
(14 Pac. [2d] 953.)

Stevens & Cline, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of forgery in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of one year.

At the time charged, defendant passed a check purported to be signed by B. F. Smith in the sum of $10 to one R. W. Park, receiving in exchange some small items of merchandise and the sum of $8 in money.  It is the theory of the state that B. F. Smith was a fictitious person and the check a forgery.  Defendant contends he received the check from one Fred Smith and cashed it in good faith.  At the time the check was cashed, defendant informed Park that he received the check from Smith, who

was a farmer, for trucking some cattle. Another witness testified defendant told him that he let Fred Smith have the amount of the check to pay for some whisky. Defendant testified, in substance, to this effect at the trial. The state also offered testimony that diligent inquiry to locate any such person as the claimed B. F. Smith had been without success.

It is contended the evidence is insufficient, for the reason the check in question was not admitted in evidence. The check was offered, but, on objection being made, the court stated: "You haven't gone far enough." Following this, other testimony identifying the check was introduced. Further on counsel for defendant moved to strike the check from the record for the reason there was no competent or relevant testimony as a basis for its admission. This was overruled, and the check appears in the case-made. Apparently the court and both the counsel for the state and for the defendant treated the check as in evidence.

It is also argued that the testimony of the deputy sheriff that he attempted to find B. F. Smith and for that purpose made inquiry of certain persons and was not able to learn of such person is hearsay and prejudicial, citing: 2 Jones, Commentaries on Ev. (Blue Book) § 297, p. 629; Lash v. Ten Eyck, 59 Okla. 82, 157 Pac. 924; Ferriman v. Turner, 99 Okla. 277, 227 Pac. 443; Wells v. State, 5 Okla. Cr. 22, 113 Pac. 210; Culpepper v. State, 4 Okla. Cr. 103, 111 Pac. 679, 31 L. R. A. (N. S.) 1166, 140 Am. St. Rep. 668; Ramsey v. Smith, 138 Ala. 333, 35 So. 325.

There are certain matters which cannot always be proven by positive testimony. In a sense it is the proving of a negative. Thus in this case the state seeks to prove that the B. F. Smith, from whom defendant claims to have received the check in question, was a myth, a fictitious per-

son. How is the nonexistence of such claimed person to be proven? The state would not be able to produce a witness who could testify of his own knowledge there was no such person. The most it could prove was that the witnesses were in a position to know the people of the community and knew of no such person; that is, that they did not know of such a person, and no one had told them of such a person being in the community. That is really the purport and effect of the testimony here. The substance of the witness' testimony is that in his opinion no such person exists; his opinion is based on the one fact that he made inquiry in the neighborhood where such a person, if he existed, should be known, and was not able to learn of any such person. Testimony of the nonexistence of a claimed person is a matter of opinion, which may be based on what is usually termed hearsay. Such testimony is not strictly speaking hearsay, but circumstantial evidence tending to prove that the claimed individual had no existence in fact. Wigmore on Evidence, § 1789f; Mathews v. State, 19 Okla. Cr. 153, 198 Pac. 112. See, also, Dunn v. State, 15 Okla. Cr. 245, 176 Pac. 86, where the better method of proving the nonexistence of a claimed individual was followed.

It is earnestly contended the evidence is insufficient to sustain the judgment, in that there is no testimony contradicting defendant that he obtained the check in good faith. The testimony of defendant on this point is refuted only by the facts and circumstances proven. His explanation is improbable and contrary to business experience. We cannot say the jury erred in failing to believe defendant's explanation. No error requiring a reversal is made to appear.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.