BELL et vir v. BROCKMAN.

No. 30315.   May 19, 1942.

*126 P. 2d 78.*

Henry M. Gray, Joe T. Dewberry, C. S. Fenwick, and A. C. Elliott, all of Tulsa, for plaintiffs in error.

A. J. Kriete and Arch K. Kriete, both of Tulsa, for defendant in error.

PER CURIAM. This appeal is from a judgment which dissolved a temporary

restraining order and denied an injunction. The issue here involved is the right of an owner of an elaborate suburban home in a predominantly residential area to enjoin the erection and operation of ordinary business enterprises in the immediate neighborhood of such home. The parties appear here in the same order as they did in the trial court and will be referred to as plaintiffs and defendant.

The essential facts as reflected by the record will be briefly stated. In the early part of 1937, plaintiffs purchased a five-acre tract on which the defendant had in 1923 erected an elaborate home and which he had subsequently lost through foreclosure proceedings in 1935. The plaintiffs made a number of improvements, moved into the premises and proceeded to occupy the same as their home. The property so acquired by the plaintiffs faced a state highway. On the opposite side of said highway defendant owned a 10-acre tract on which he had his home. In 1938, the defendant commenced the erection of an automobile service station, which he completed and placed in operation in the spring of 1938. Defendant had also commenced the erection of another business building, a part of which had been used as a barbershop and the remainder of which was to be used for any legitimate business. The plaintiffs feared that a part of this latter building would be used as a tavern or a dance hall. Efforts of plaintiffs to have defendant submit to arbitration the value of his property and to sell it to plaintiff at a price fixed by the arbitrators failed. Plaintiffs, proceeding on the theory that the defendant had by the erection of the home in the first instance established an exclusive residential district and had thus created a superior equity in their favor, sought an injunction quia timet. The defendant denied that the erection and operation of the buildings constituted a nuisance, and alleged that the same were being operated in an orderly, usual manner and in an area in which they could lawfully be so erected and operated. The evidence ad-

duced at the trial disclosed that the area involved had never been restricted to exclusive residential use and had never been fully developed for such purpose, but that it had a scattering of commercial enterprises in close proximity and considerable vacant territory; that the buildings which defendant had erected were neat and sightly and business therein was being operated in an orderly and proper manner and that defendant had no intention of operating the same in any other manner. The evidence on behalf of plaintiffs tended to show that the intrusion of business would depreciate the value of the area as a residential one and that the usual and ordinary noises incident to the operation of the businesses would disturb plaintiffs' early morning slumbers. The trial court found from all of the evidence and the circumstances that the operations of defendant did not constitute an abatable nuisance and entered judgment for the defendant.

As grounds for the reversal of the judgment, the plaintiffs assign a number of specifications of error, which they present and argue under the general proposition that the judgment below is contrary to the clear weight of the evidence. In support of the contention so made, plaintiffs cite a number of decisions wherein application of the maxim sic utere tuo ut alienum non laedas was involved and applied and to the cases of Bixby v. Cravens, 57 Okla. 119, 156 P. 1184; McPherson v. First Presbyterian Church of Woodward, 120 Okla. 40, 248 P. 561, 51 A.L.R. 1215; City of Muskogee v. Morton, 128 Okla. 17, 261 P. 183; Jordan v. Nesmith, 132 Okla. 226, 269 P. 1096; Champlin Ref. Co. v. Dugan, 133 Okla. 20, 270 P. 559; Sipe v. Dale, 183 Okla. 127, 80 P. 2d 569; Fairfax Oil Co. v. Bolinger, 186 Okla. 20, 97 P. 2d 574. An examination of the decisions thus cited will reveal that they are inapplicable to the facts and principle here involved.

A filling station is not per se a nuisance, but may become a nuisance per accidens by reason either of manner of construction or manner of operation.

See Texas Co. v. Brandt, 79 Okla. 97, 191 P. 166; Marland Ref. Co. v. Hobart, 113 Okla. 36, 237 P. 857; McPherson v. First Presbyterian Church of Woodward, supra; Magnolia Petroleum Co. v. Wright, 124 Okla. 55, 254 P. 41; Weaver v. Bishop, 174 Okla. 492, 52 P. 2d 853; also, annotation in 124 A.L.R. 383 et seq.

In the case at bar the plaintiffs predicated their right to relief upon the theory that the filling station of the defendant constituted a nuisance per accidens, and that the other business enterprises contemplated by the defendant likewise constituted such a nuisance in that they would destroy what was otherwise an exclusive residential area. It is obvious, therefore, that the right of plaintiffs to recover depended upon the facts as shown by the evidence as to the nature of the area in which plaintiffs' home was situate and the circumstances surrounding the erection and operation of the business enterprises by the defendant. As we have heretofore pointed out, the evidence adduced was not such as would compel the conclusion which the plaintiffs sought, but on the contrary was such that it might be properly inferred therefrom that the area involved had never constituted an exclusive residential area and that the value which it may have had for such use at one time had in a large measure disappeared prior to the time that plaintiffs purchased the property and moved into the area. There was evidence which tended to show that business enterprises of various nature had been invading the area gradually over a period of years and that defendant in his operations was proceeding to do that which he was entitled to do. See Bixby v. Cravens, supra.

The action being one of purely equitable cognizance, we have carefully examined the entire record and weighed the evidence, and find that the equities involved were such as to justify the judgment of the trial court. It follows, therefore, that the judgment will not be disturbed.

Judgment affirmed.

CORN, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. WELCH, C.J., and GIBSON and HURST, JJ., absent.