ROBERTS et al. v. C. F. ADAMS & SON.

No. 32893.   Nov. 10, 1947.

*184 P. 2d 634.*

Shilling & Shilling, of Ardmore, for plaintiffs in error.

Williams & Williams, of Ardmore, for defendant in error.

DAVISON, V.C.J.   Plaintiffs by this action seek to enjoin the defendant from erecting and operating a wholesale gasoline, kerosene and oil distributing plant on real estate located in the same neighborhood as other property owned by them and occupied as homes.

All of the parties were owners of various lots in Walcott Addition to the city of Ardmore, Oklahoma, which lay just south of and outside the city limits. Between the city proper and the addition, extending in an east and west direction, were the rights of way of two railroads.   Parallel to these rights of way and 162 feet south is Moore street. This intervening space is divided into lots and blocks which front south on the street and extend north to the railroads. The defendant purchased four of these lots with a combined frontage of 105 feet and had commenced construction of a bulk station plant for wholesale distribution of gasoline, oil and other petroleum products.   Plaintiffs, the owners of various lots on both sides of Moore street, who were occupying the same as homes, brought this action to restrain the defendant from constructing and maintaining the plant, alleging that it would constitute a nuisance in that the district was residential and would lose its value as such; that fire insurance rates on their property would be materially increased; that the value of their properties would be substantially reduced; and that it would disturb their peace, comfort and repose.

The district herein involved consisted of nine blocks in the above addition; four half blocks lying north of and fronting on Moore street and five full blocks lying south. In the block east of defendant's lots and across a side street was one house used as a combined residence and neighborhood grocery. West of the defendant's property and in the same block was one residence. No residences were in the next block west of that and one was in the block west of that which was bounded on its west by U. S. Highway No. 77. Directly south of defendant's property and across Moore street was a block in which there were some seven or eight houses, two of which fronted on Moore street, the others on side streets. The block east of this had one house on it and the other blocks west of the highway were vacant.

The testimony on the part of the plaintiffs was concerned principally with the effect of defendant's establishment of the plant on the use of the property of plaintiff Hoffman, whose house was in the same block, and who was most seriously affected. As to the decrease in value of the Hoffman lots, he testified personally that he purchased the tract for $6,200 about 30 days previous to the filing of this action and that he had refused an offer of $8,000 for it, which was made after defendant started construction of the plant. All of the plaintiffs who testified said that they would be disturbed by the proposed construction and maintenance of defendant's business.

The Chief Deputy State Fire Marshal testified in substance that the storage of gasoline at any time or place increased the fire hazard of the vicinity.

Defendant testified that he intended to install some seven to twelve tanks of approximately 11,000 gallon capacity each; about half of them for oil and half for gasoline. That he had employed an expert to install them in accordance with the latest and best engineering practices and safety rules. That the tanks were to be at the rear of his lots adjacent to the railroad in order that oil tank cars could be directly unloaded into them.

The trial court, after hearing the testimony, made findings of fact and conclusions of law and denied plaintiffs the relief sought, from which judgment they have appealed.

Three questions are presented, namely: that the findings of fact did not cover all issues; that the judgment is not supported by the evidence; and that the evidence did not warrant the court's finding of fact that defendant intended to erect and operate the plant according to the best engineering practices with such safety measures as are known to the trade.

In the later opinions, this court has held that the trial court need not go to the extent earlier deemed necessary to comply with the provisions of 12 O.S. 1941 §611, in making findings of fact and conclusions of law upon request of a party litigant. The present rule, with citations of cases, is discussed in the case of Reed v. Richards & Conover Hardware Co., 188 Okla. 452, 110 P. 2d 603, wherein it is said:

" . . . The court is not bound to make separate findings concerning immaterial facts nor is the court bound to find the material facts in any greater detail than is really necessary for the correct decision, by a higher court, of questions of law involved in the case. . . ."

In the instant case the trial court made a finding that the property here involved was trackage property and the community was sparsely settled, and then described the location of the various residences. This was, in effect, a finding that the vicinity did not have such an established residential character as to deprive the defendant of the right to use his own tract in the manner contemplated. These findings of fact, together with that of the ownership of the different lots, the value of the property of the plaintiff Hoffman, the location and size of the tanks to be erected

by defendant, their proximity to adjacent buildings and the precautions which defendant contemplated in building and operating the plant, were sufficient "for the correct decision . . . of questions of law involved in the case."

The last mentioned finding, to which plaintiffs except, was based upon the uncontradicted testimony of the defendant and was therefore certainly not against the clear weight of the evidence.

Basically, the law with reference to private nuisances is a definition of the dividing line between the right of any owner to use his property as he so desires and the recognition of that right in another. It is a necessary regulation which increases in importance in almost direct proportion to community congestion. A person occupying a unit of an apartment house must necessarily submit to certain restrictions which he would not be subject to in a rural location, in return for the freedom from encroachment by his neighbors. The law is simple and well established, but the difficulty arises with its application to various individual situations.

This court stated the rule in the case of Bixby v. Cravens, 57 Okla. 119, 156 P. 1184, and numerous subsequent cases, as follows:

"Though every one has the right to the reasonable use and enjoyment of his own property, he may not so use it as to unreasonably deprive an adjacent owner of the lawful use and enjoyment of his property, and one using his property in an unwarrantable manner, and thereby injuring the comfort, health, and safety of another, creates a 'nuisance' which may be abated at the suit of the person so injured."

But the effect of the application of this rule depends upon the conditions obtaining in a particular community.

In the instant case, if the neighborhood was exclusively residential, defendant should have been restrained as was done in McPherson v. First Presbyterian Church of Woodward et al., 120 Okla. 40, 248 P. 561. If, however, the district was industrial, the defendant could use the property in the manner contemplated without hindrance, as in the case of Ferriman v. Turner, 99 Okla. 277, 227 P. 443. The facts disclose a situation herein which does not make either of these cases strictly controlling.

Most nearly similar to the case under consideration is the situation presented in Bell et al. v. Brockman, 190 Okla. 583, 126 P. 2d 78, wherein it was said:

"The erection and operation in a usual way of an automobile service station or other legitimate business enterprise outside of an incorporated city or town on a state highway in an area which although unrestricted has theretofore been used for residential purposes does not constitute a nuisance which a court of equity will enjoin."

The plaintiffs, by the use of reasonable foresight, would have seen the possibility of this very situation. A person purchasing a piece of real estate abutting on a railroad can anticipate that his neighbor may want to take advantage of such transportation facilities for suitable business purposes, unless the neighborhood has been developed sufficiently to establish its character as exclusively residential.

As said in the last cited case:

"The action being one of purely equitable cognizance we have carefully examined the entire record and weighed the evidence and find that the equities involved where such as to justify the judgment of the trial court. It follows therefore that the judgment will not be disturbed."

Judgment affirmed.

HURST, C.J., and RILEY, CORN, GIBSON, and LUTTRELL, JJ., concur.