Gilbert Z. BROCK and Georgia M. Brock, husband and wife, Plaintiffs in Error,

v.

C. H. ROSKAMP and Kathleen M. Roskamp, his wife; Felix M. Tunnell and Marilyn M. Tunnell, his wife; Fred J. Zavasnik and Audrey C. Zavasnik, his wife; Waldo W. Cowan and Freda E. Cowan, his wife; Lloyd Cramer and Lois Imogene Cramer, his wife; and Charles M. Bingham and Anna C. Bingham, his wife, Defendants in Error.

No. 39495.

Supreme Court of Oklahoma.

April 3, 1962.

Rehearing Denied May 15, 1962.

Richard K. Harris, Thomas B. Preston, Bartlesville, for plaintiffs in error.

Neptune & Stocker, Bartlesville, for defendants in error.

Wheeler & Wheeler, F. C. Swindell, Tulsa, amici curiae.

BERRY, Justice.

The parties, who appear here in reverse order to their appearance in the trial court, will be referred to herein as they appeared in said court.

In their petition, the plaintiffs alleged that they owned and resided in residences in Washington County, Oklahoma, which were in the immediate vicinity of a five-

acre tract of land owned by defendants; that defendants were in the process of constructing a building upon their tract for use in dispensing at retail ice cream and other confections; that the proposed business would be operated in the day time and night time; that the nature of the business was such that motor vehicles would be continuously going in and out of the premises; that "loud and unusual noises" would be made by the vehicles and that exhaust fumes therefrom would create an undesirable odor; that light rays from the headlights of the vehicles would be cast upon the residences of plaintiffs; that children would be attracted to the business, whose lives and limbs would be endangered in crossing the heavily-traveled highway in order to gain access to the tract; that napkins, paper cups and other personal property used by defendant's patrons would be cast in the open and would be blown upon plaintiffs' property; that establishment and operation of the business violate the "interim zoning regulations of the Metropolitan Area Planning Commission"; that the proposed business operation would, as to plaintiffs, constitute a nuisance; that for said reason and the further reason that the operation would violate the referred-to zoning regulations, erection of the building and operation of the proposed business should be enjoined.

In their answer, defendants admitted that they owned the five-acre tract; that they had expended approximately $15,000.00 for the tract and in constructing the building thereon; that they planned to operate a "drive-in ice cream" business on the tract; that the business would be so operated as not to create a nuisance; that the tract was without the corporate limits of a city; that the zoning regulations referred to in plaintiffs' petition had never been properly adopted and were without application.

Following trial of the case to the court, it was found that the material allegations of plaintiffs' petition were true; that defendants planned to operate a drive-in confection-vending business from the building if they were permitted to complete construction of same; that "automobiles continuously going in and out of said premises during the business hours from morning until approximately ten o'clock at night, stopping and starting, and the noise and reflection of lights from said vehicles will constitute and be a physical discomfort and annoyance to the plaintiffs and their families"; that operation of the planned business would "annoy, discomfort and disturb the plaintiffs in the quiet and peaceful enjoyment of their homes and property and constitute a nuisance irreparable in damages"; that the owners of residential property in the area had made sizeable investments in their homes; that operation of the planned business would materially diminish "the value of the area as a high class residential area"; that "the nearest business establishments to the west from plaintiffs' property is approximately 1320 feet; that on the north side of the Highway 60 there are no business establishments to the east, and that on the south side of the highway the nearest business establishment is approximately 1200 feet, that being a farm house established as the Vandagriff Dairy where milk or dairy products may or may not be now sold." After having so found, judgment was entered enjoining defendants "from constructing or operating the business on (their) premises * * *, as a confection vending establishment."

From order denying defendants' motion for new trial, they perfected this appeal.

The basic issues presented and argued by the parties are whether operation of the planned business would violate any valid zoning regulations and whether the planned business could be operated so as not to create a nuisance.

The trial court was of the opinion that it was unnecessary to consider the issue first above referred to in order to reach a decision, and for said reason no finding was made thereon. To our way of thinking, proper disposition of the case does not depend upon consideration of this issue and

for that reason further reference will not be made to it herein.

On the remaining issue, defendants contend that (1) the judgment of the trial court is clearly against the weight of the evidence; that (2) the finding relative to proposition that the value of plaintiffs' property would be diminished by operation of the planned business was without the scope of the pleading and unsupported by the evidence; that the court erred in saying "that's the judgment of the court, that it can't be used for any business without damaging the area."

The foregoing contentions will be considered in reverse order.

■ The above quoted remark was made at the conclusion of the trial. From this remark and comparable remarks made at the same time, it is apparent that the trial court was of the opinion that the evidence conclusively established that at the time defendants began constructing their building the area was a so-called high class residential area and for said reason no business building should be constructed or a business operated in the area. Irrespective of the trial court's thinking at said time, the formal judgment was limited to the proposition that defendants were enjoined "from constructing and operating the building on the premises of the defendants * * * as a confection vending establishment." This finding and judgment was within the scope of the pleadings.

The defendants frankly admit that the building would be used solely for housing a drive-in ice cream business and for said reason it is immaterial whether the court indicated that the construction of a building for a different business purpose would be enjoined.

■ As to defendants' contention to the effect that the court's finding that operation of the planned business would diminish the value of plaintiffs' property was without the scope of the pleadings, we are of the opinion that it was necessary for plaintiffs to allege said fact before evidence to said effect was admissible. At p. 856, § 182(d) Injunctions 43 C.J.S., it is said that "It is sufficient that the bill apprises defendant of the precise case which he is required to meet, and it is not necessary to recite the evidence or to aver all the minute circumstances which may be proved in support of the general statement or charge in the bill."

As we read and understand the record, there was testimony to the effect that operation of the planned business would serve to diminish the value of plaintiffs' property. For said reason defendants' contention that the finding to said effect is unsupported by evidence is without substantial merit.

There remains for consideration defendants' contention that the judgment is clearly against the weight of the evidence. While we are of the opinion that the findings of fact of the trial court are sustained by competent evidence, we deem it advisable to refer to other facts that are thought to bear upon the foregoing contention.

The properties of all parties lie without the corporate limits of Bartlesville, Oklahoma. Defendants' tract lies south and abuts upon State Highway No. 60. Plaintiffs' property lies to the north and across the highway from defendants. At the time defendants began construction of their building 40 or more residences had been constructed to the north of the highway. The cost of the houses was from $20,000.00 to $25,000.00. As indicated by the trial court's findings, at the time defendants began to construct their building there were no buildings on the land to the south and across the highway from the referred-to residences. A cemetery lies to the north of the residences. The prevailing wind in the area is from the south.

The evidence shows that in operating the planned business, paper napkins and paper cups would be furnished patrons; that same, in many instances, would be cast upon the ground and if not promptly picked up would blow upon the premises of plaintiffs; that a survey of like businesses in Washington County showed that a considerable amount of debris was blown by

the wind from the business upon surrounding property. Defendants testified that they would pick up articles cast upon the ground by their patrons or hire someone to perform this task. If the volume of business were that anticipated by the defendants, it is not reasonable to assume that all debris would be picked up and a considerable portion thereof would therefore probably be blown upon plaintiffs' property. Defendants admitted that they could not control nor lessen sound made by motor vehicles which came upon their premises nor could they prevent light rays from the headlights of such vehicles reflecting upon plaintiffs' property upon the vehicles being driven from their premises. An expert witness testified that noise emanating from motor vehicles was less than that emanating from vehicles passing along the highway. The matter of whether the combined sounds would be beyond the tolerance of an average person, would be a question of fact.

■ Defendants do not dispute but that a threatened nuisance per accidens may be enjoined (McPherson v. First Presbyterian Church of Woodward et al., 120 Okl. 40, 248 P. 561, 51 A.L.R. 1215) or that the establishment of a lawful business in or adjacent to a residential area which will impair the enjoyment of homes in the neighborhood and will infringe upon the well-being, comfort, repose and enjoyment of individuals residing therein, may be enjoined as a nuisance. See Winningham v. Rice et al., Okl., 282 P.2d 742 and cited cases.

Defendants earnestly contend that the evidence wholly fails to show that the operation of defendants' planned business will create a nuisance; that for said reason the trial court erred in rendering the judgment that was rendered. They argue that under the facts of this case, Bell et al. v. Brockman, 190 Okl. 583, 126 P.2d 78, is dispositive of this appeal.

In the cited case the trial court found that the evidence failed to show that the matter of defendants constructing business buildings and operating planned business across the highway from plaintiffs' home would constitute a nuisance per accidens and for said reason plaintiffs' action for injunctive relief was denied. On appeal, the judgment was affirmed.

As we read the cited case, plaintiff based his asserted right to an injunction on the fact that the planned business area would depreciate the value of his property and that noise emanating therefrom would disturb his "early morning slumbers". It was not shown, as here, that numerous residences had been constructed in the area or that the rights of residents would be directly affected by debris blowing upon their property and by light beams cast thereon during the evening hours.

The facts of the cited case serve to distinguish the case from the instant case and such is true of Roberts et al. v. C. F. Adams & Son, 199 Okl. 369, 184 P.2d 634, which case is also cited by defendants as directly supporting their position.

■ After having reviewed the record and weighed the evidence, we have concluded that the findings and judgment of the trial court are not clearly against the weight of the evidence.

The judgment below is therefore affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.

JACKSON, J., dissents.